## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMCOR RIGID PACKAGING USA, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case Action No. _____ |
| | ) |
| | ) **JURY TRIAL DEMANDED** |
| GRAHAM PACKAGING COMPANY INC. and GRAHAM PACKAGING COMPANY, L.P., | ) |
| | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff Amcor Rigid Packaging USA, LLC ("Amcor" or "Plaintiff"), by and through its attorneys, for its Complaint for Patent Infringement against Graham Packaging Company Inc. ("Graham Inc.") and Graham Packaging Company, L.P. ("Graham L.P.") (collectively, "Graham" or "Defendants") alleges as follows:

## NATURE OF THE ACTION

1.     This is a civil action for infringement of U.S. Patent No. 8,496,130 ("the '130 patent"), U.S. Patent No. 9,694,930 ("the '930 patent"), U.S. Patent No. 10,538,357 ("the '357 patent"), and U.S. Patent No. 11,091,289 ("the '289 patent") (collectively, the "Asserted Patents") arising under the United States Patent Laws, Title 35, United States Code § 100, *et seq.*, and in particular under § 271. Amcor seeks damages, injunctive relief, attorneys' fees, and any other relief the Court deems just and proper.

2.     This action arises out of Graham's making, using, selling, offering to sell, and/or importing lightweight plastic beverage bottles that infringe the Asserted Patents.

## THE PARTIES

3.      Plaintiff Amcor Rigid Packaging USA, LLC is a limited liability company organized and existing under the laws of the state of Delaware, having a principal place of business at 935 Technology Drive, Ann Arbor, Michigan 48108.

4.      Upon information and belief, Defendant Graham Inc. is a corporation organized and existing under the laws of the state of Delaware, having a principal place of business at 700 Indian Springs Drive, Suite 100, Lancaster, Pennsylvania 17601.

5.      Upon information and belief, Defendant Graham L.P. is a limited partnership organized and existing under the laws of the state of Delaware, having a principal place of business at 700 Indian Springs Drive, Suite 100, Lancaster, Pennsylvania 17601.

## JURISDICTION AND VENUE

6.      This is a civil action for patent infringement arising under the United States Patent Laws, including 35 U.S.C. § 271. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7.      This Court has general and specific personal jurisdiction over Defendants because, *inter alia*, Defendants, upon information and belief, (1) are registered under the laws of the State of Delaware and are therefore residents of this District, (2) have substantial, continuous, and systematic contacts with the State of Delaware, (3) perform the legal violations described herein within this District, (4) and derive revenue and value therefrom, to purposefully avail themselves of the privilege of conducting business within this state and District.

8.      This Court may exercise jurisdiction over Defendants on the ground that the Defendants are incorporated or registered as a limited partnership in this District. Additionally, upon information and belief, Defendants have purposely availed themselves of this forum by making, using, importing, selling, and/or offering to sell the Accused Products (as defined below)

in the State of Delaware, or causing others to do the same, and therefore can reasonably expect to be subject to jurisdiction in the Delaware courts.

9.    Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b) because, *inter alia*, 1) Graham Inc. is a resident of this District as a corporation organized and existing under the laws of the State of Delaware and is subject to personal jurisdiction in this District; and 2) Graham L.P. is a resident of this District as a limited partnership organized and existing under the laws of the State of Delaware and is subject to personal jurisdiction in this District. Defendants have also directly infringed and/or induced the infringement of others, including their customers, in this District.

## FACTUAL BACKGROUND

### Amcor and Technology Background

10.    Amcor is a leading innovator in developing and producing responsible packaging solutions for food, beverage, pharmaceutical, medical, home, and personal care products, and other products.

11.    Of particular relevance to this case, Amcor is engaged in developing and producing lightweight plastic bottles utilizing its patented technology. These bottles are known as "PowerStrap$^{TM}$ 10 oz" and "ActiveHinge$^{TM}$ 10 oz" and are 33mm finished lightweight and shelf stable hot fill bottles with improved label and surface feel. Amcor's patented technology provides stability and utilizes less raw materials, resulting in reduced costs, improved manufacturing process and speeds, and better operational efficiency with respect to the production of the ultimate-end product.

12.    Amcor has long been the legacy supplier of these lightweight plastic bottles for numerous well-known beverage companies, including Welch's and Ocean Spray.

13.     Amcor has invested millions of dollars into research and development to develop its innovative lightweight bottle technology. As a result of its history and dedication to innovation, Amcor has been awarded numerous patents in the United States, including but not limited to the Asserted Patents.

**The Asserted Patents**

14.     On July 30, 2013, the United States Patent and Trademark Office (the "USPTO") duly and lawfully issued U.S. Patent No. 8,496,130, entitled "Hot-Fill Container Having Movable Ribs for Accommodating Vacuum Forces" and naming Michael T. Lane, Rohit V. Joshi, and John B. Simon as inventors. A true and correct copy of the '130 patent is attached as **Exhibit A**.

15.     Amcor is the assignee of the entire right, title, and interest in the '130 patent, including all rights to make, use, sell, offer for sale, and import products that practice the claims of the '130 patent. Amcor also has the right to enforce and prosecute actions for infringement and to collect damages against infringers of the '130 patent. Defendants have no license or authorization to practice the technology of the '130 patent.

16.     The '130 patent is generally directed to a one-piece plastic container that includes a series of horizontal lands and horizontal ribs designed to achieve optimal performance with regard to vacuum absorption, top load strength capabilities, and dent resistance.

17.     The '130 patent has 20 claims: 3 independent claims and 17 dependent claims.

18.     The '130 patent claims, among other things:

> 1.   A one-piece plastic container comprising:
> an upper portion, a sidewall portion and a base portion, said sidewall portion being integrally formed with and extending from said upper portion to said base portion, said base portion closing off an end of the container; said sidewall portion defined in part by a plurality of horizontal ribs arranged substantially perpendicular to a longitudinal axis of the container, at least one of the horizontal ribs being disposed longitudinally between an upper land and a lower land, a cross section of the at least one of the horizontal ribs taken parallel

to the longitudinal axis being defined by an upper wall, a lower wall, and an inner curved wall that extends between the upper and lower walls, the inner curved wall being curved along an innermost radius, the at least one of the horizontal ribs transitioning to the upper land along an upper outer radius, the at least one of the horizontal ribs transitioning to the lower land along a lower outer radius, a sum of the upper and lower radii being at least 0.14 inches and at most 0.28 inches, the at least one of the horizontal ribs defining an acute angle that is variable according to vacuum forces generated within the container to thereby accommodate the vacuum forces.

19.     On July 4, 2017, the USPTO duly and lawfully issued U.S. Patent No. 9,694,930, entitled "Lightweight Container Base" and naming Michael T. Lane, Walter Paegel, and Peidong Han as inventors. A true and correct copy of the '930 patent is attached as **Exhibit B**.

20.     Amcor is the assignee of the entire right, title, and interest in the '930 patent, including all rights to make, use, sell, offer for sale, and import products that practice the claims of the '930 patent. Amcor also has the right to enforce and prosecute actions for infringement and to collect damages against infringers of the '930 patent. Defendants have no license or authorization to practice the technology of the '930 patent.

21.     The '930 patent is generally directed to a container having a plurality of ribs and a base portion configured to place the container in a state of hydraulic charge-up when top load is applied to the container after the container is filled and closed, where the base portion has a contact surface for supporting the container and a plurality of straps extend radially along the base portion, each one defining a strap surface that is closer to the finish than the contact surface.

22.     The '930 patent has 31 claims: 3 independent claims and 28 dependent claims.

23.     The '930 patent claims, among other things:

> 1.     A container defining a longitudinal axis and a transverse direction that is transverse with respect to the longitudinal axis, the container comprising:
>
> a finish;
>
> a sidewall portion extending from the finish;

a plurality of ribs defined by the sidewall portion;

a base portion extending from the sidewall portion and enclosing the sidewall portion to form a volume therein for retaining a commodity, the base portion having a footed contact surface for supporting the container; and

a plurality of straps extending radially along the base portion away from the longitudinal axis in the trans-verse direction, each one of the straps defining a strap surface that is closer to the finish than the footed contact surface;

wherein:

the plurality of ribs and the base portion are configured to place the container in a state of hydraulic charge-up when top load is applied to the container after the container is filled and closed with a closure coupled to the finish; the container is made of a polymeric material; the base portion includes a central pushup portion at anaxial center thereof, the longitudinal axis extends through the central pushup portion;

an outward strap radius defined by the base portion decreases when the container is subject to volume displacement causing increased vacuum;

an inward foot radius defined by the base portion increases when the container is subject to volume displacement causing increased vacuum, the inward foot radius is inward relative to the footed contact surface of the container and is along a curved side surface between the footed contact surface and the central pushup portion;

and a standing base radius defined by the base portion decreases when the container is subject to volume displacement causing increased vacuum.

24.     On January 21, 2020, the USPTO duly and lawfully issued U.S. Patent No. 10,538,357, entitled "Lightweight Container Base" and naming Michael T. Lane, Walt Paegel, and Peidong Han as inventors. A true and correct copy of the '357 patent is attached as **Exhibit C**.

25.     Amcor is the assignee of the entire right, title, and interest in the '357 patent, including all rights to make, use, sell, offer for sale, and import products that practice the claims of the '357 patent. Amcor also has the right to enforce and prosecute actions for infringement and to collect damages against infringers of the '357 patent. Defendants have no license or authorization to practice the technology of the '357 patent.

26.    The '357 patent is generally directed to a container having a plurality of ribs and a base portion configured to place the container in a state of hydraulic charge-up when top load is applied to the container after the container is filled and closed, where the base portion has a contact surface for supporting the container and a plurality of straps extend radially along the base portion, each one defining a strap surface that is closer to the finish than the contact surface.

27.    The '357 patent has 8 claims: 1 independent claim and 7 dependent claims.

28.    The '357 patent claims, among other things:

1.    A container defining a longitudinal axis and a transverse direction that is transverse with respect to the longitudinal axis, the container comprising:

a finish;

a sidewall portion extending from the finish;

a plurality of ribs defined by the sidewall portion;

a base portion extending from the sidewall portion and enclosing the sidewall portion to form a volume therein for retaining a commodity, the base portion having a plurality of footed contact surfaces for supporting the container; and

a plurality of straps extending radially along the base portion away from the longitudinal axis in the trans-verse direction, each one of the straps defining a strap surface that is closer to the finish than the plurality of footed contact surfaces;

wherein:

the plurality of ribs and the base portion are configured to cause the container to cross over from a vacuum phase to a phase of hydraulic charge-up when top load is applied to the container after the container is filled and closed with a closure coupled to the finish;

the container is made of a polymeric material;

the base portion includes a central pushup portion at anaxial center thereof, the longitudinal axis extends through the central pushup portion;

an outward strap radius defined by the base portion as-blown decreases when the container is subject to volume displacement post-fill causing increased vacuum;

an inward foot radius defined by the base portion as-blown increases when the container is subject to volume displacement post-fill

causing increased vacuum, the inward foot radius is inward relative to the plurality of footed contact surfaces of the container and is along a curved side surface between the plurality of footed contact surfaces and the central pushup portion;

a standing base radius defined by the base portion as-blown decreases when the container is subject to volume displacement post-fill causing increased vacuum; and

a total projected area of the plurality of footed contact surfaces as-blown is at least twice the size of a total projected area of the plurality of straps.

2.     The container of claim 1, wherein the total projected area of the plurality of footed contact surfaces is 2 to 4.8 times the size of a total projected area of the plurality of straps.

29.     On August 17, 2021, the USPTO duly and lawfully issued U.S. Patent No. 11,091,289, entitled "Lightweight Container Base" and naming Michael T. Lane, Walter Paegel, and Peidong Han as inventors. A true and correct copy of the '289 patent is attached as **Exhibit D**.

30.     Amcor is the assignee of the entire right, title, and interest in the '289 patent, including all rights to make, use, sell, offer for sale, and import products that practice the claims of the '289 patent. Amcor also has the right to enforce and prosecute actions for infringement and to collect damages against infringers of the '289 patent. Defendants have no license or authorization to practice the technology of the '289 patent.

31.     The '289 patent is generally directed to a container having a plurality of ribs and a base portion configured to place the container in a state of hydraulic charge-up when top load is applied to the container after the container is filled and closed, where the base portion has a contact surface for supporting the container and a plurality of straps extend radially along the base portion, each one defining a strap surface that is closer to the finish than the contact surface.

32.     The '289 patent has 8 claims: 1 independent claim and 7 dependent claims.

33.     The '289 patent claims, among other things:

1.    A container defining a longitudinal axis and a transverse direction that is transverse with respect to the longitudinal axis, the container comprising:

a finish;

a sidewall portion extending from the finish;

a plurality of ribs defined by the sidewall portion;

a base portion extending from the sidewall portion and enclosing the sidewall portion to form a volume therein for retaining a commodity, the base portion having a plurality of footed contact surfaces for supporting the container; and

a plurality of straps extending radially along the base portion away from the longitudinal axis in the trans-verse direction, each one of the straps defining a strap surface that is closer to the finish than the plurality of footed contact surfaces;

wherein:

the plurality of ribs and the base portion are configured to cause the container to cross over from a vacuum phase to a phase of hydraulic charge-up when top load is applied to the container after the container is filled and closed with a closure coupled to the finish;

the container is made of a polymeric material;

the base portion includes a central pushup portion at anaxial center thereof, the longitudinal axis extends through the central pushup portion;

an outward strap radius defined by the base portion as-blown decreases when the container is subject to volume displacement post-fill causing increased vacuum;

an inward foot radius defined by the base portion as-blown increases when the container is subject to volume displacement post-fill causing increased vacuum, the inward foot radius is inward relative to the plurality of footed contact surfaces of the container and is along a curved side surface between the plurality of footed contact surfaces and the central pushup portion;

a standing base radius defined by the base portion as-blown decreases when the container is subject to volume displacement post-fill causing increased vacuum; and

a total projected area of the plurality of footed contact surfaces as-blown is at least twice the size of a total projected area of the plurality of straps.

**The Accused Products and Graham's Infringement**

34.    Graham is a direct competitor of Amcor and is engaged in custom plastic bottle manufacturing. *See* https://www.grahampackaging.com/about-us/.

35.    Graham markets "lightweighting technology" for packaging "to help offset some of the monetary and environmental costs of heavier products" *(see* https://www.grahampackaging.com/solutions/lightweighting/), and claims to "make some of the lightest weight juice bottles on the market" (*see* https://www.grahampackaging.com/markets/beverage/juices/).

36.    Amcor and Graham thus compete in the marketplace for supply of lightweight plastic bottles. This competition includes competition for supply contracts, including multi-year supply contracts, involving supply of lightweight plastic bottles to beverage companies and/or their contractors and subcontractors. These contracts are often competitively bid, where a beverage company provides a Request for Proposal ("RFP") soliciting quotes from bottle manufacturers for provision of goods and services, including supply of lightweight plastic bottles.

37.    Upon information and belief, Graham has recently been awarded supply contracts for Welch's 10 oz juice bottles, Ocean Spray 10 oz juice bottles, and 7-Eleven Replenish 28 oz sports drink bottles.

38.    Upon information and belief, Graham copied and used technology infringing the Asserted Patents in order to secure the foregoing supply contracts.

**Welch's 10 oz Bottle**

39.    Upon information and belief, Graham responded to an RFP from Welch's offering to supply certain lightweight 10 oz plastic juice bottles. For example, upon information and belief, Graham offered to supply Welch's with a lightweight 10 oz bottle depicted in the photograph below (the "Welch's 10 oz Bottle"):

-10-



40.    As alleged in more detail below, the Welch's 10 oz Bottle that Graham offered to sell, and has since sold, to Welch's, infringes the Asserted Patents. Upon information and belief, but-for Graham's infringement of the Asserted Patents in connection with this offer for sale, Amcor would have been awarded the Welch's supply contract, having also responded to Welch's RFP offering lightweight 10 oz juice bottles utilizing the technology of the Asserted Patents.

**Ocean Spray 10 oz Bottle**

41.    Upon information and belief, Graham responded to an RFP from Ocean Spray offering to supply certain lightweight 10 oz plastic juice bottles that are identical or substantially similar in relevant respects to the Welch's 10 oz Bottle (the "Ocean Spray 10 oz Bottle").

42.    As alleged in more detail below, the Ocean Spray 10 oz Bottle that Graham offered to sell to Ocean Spray infringes the Asserted Patents. Upon information and belief, but-for Graham's infringement of the Asserted Patents, Amcor would have been awarded the Ocean Spray supply contract, having also responded to the Ocean Spray RFP offering lightweight 10 oz juice bottles utilizing the technology of the Asserted Patents.

**7-Eleven Replenish 28 oz Bottle**

43.     Upon information and belief, Graham has offered for sale and/or is selling lightweight plastic bottles utilizing the same or similar technology it is utilizing in the Welch's 10 oz Bottle and Ocean Spray 10 oz Bottle to other beverage companies, including contractors and/or subcontractors of 7-Eleven who manufacture lightweight plastic bottles for use in connection with 7-Eleven's line of sports drink. For example, upon information and belief, Graham has offered for sale and sold a lightweight 28 oz bottle to such contractors or subcontractors of 7-Eleven for use in the 7-Eleven Replenish 28 oz sports drink bottle depicted in the photograph below (the "7-Eleven Replenish 28 oz Bottle"):



44.     Upon information and belief, Graham has engaged in activity that infringes the Asserted Patents within this District, including through at least the offer for sale and/or sale of the Welch's 10 oz Bottle, the Ocean Spray 10 oz Bottle, the 7-Eleven Replenish 28 oz Bottle, and/or other bottle products utilizing the same or substantially the same technology alleged to infringe the Asserted Patents ("the Accused Products"). Discovery may show additional activities and products, including but not limited to other lightweight plastic bottles offered for sale and/or sold by Graham that infringe the Asserted Patents.

45.     Upon information and belief, Graham has induced infringement of the Asserted Patents by intentionally encouraging, aiding and abetting acts of direct infringement of the Asserted Patents, including through at least the sale of the Accused Products, with knowledge of the Asserted Patents and said infringement.

46.     Upon information and belief, Graham has contributed to infringement of the Asserted Patents including through at least the sale of the Accused Products, knowing they were specifically made or adapted for use in infringing the Asserted Patents, with knowledge of the Asserted Patents and that there is no substantial non-infringing use.

47.     Graham has made and continues to make extensive use of the technology described and claimed in the Asserted Patents.  Amcor has suffered economic harm as a result of Graham's infringing activities in an amount to be proven at trial and is entitled to the relief identified in its Request for Relief in this Complaint.

**Graham's Knowledge of Infringement**

48.     Upon information and belief, Graham had knowledge of the Asserted Patents during its development of the Accused Products and no later than when it offered to sell the Accused Products to customers, including at least Welch's, Ocean Spray, and/or 7-Eleven Replenish.

49.     No later than October 20, 2023, Amcor notified Graham that the Welch's 10 oz Bottle and Ocean Spray 10 oz Bottle infringe the Asserted Patents. *See* **Exhibit E**.

50.     Despite having knowledge of the Asserted Patents, Graham knowingly and willingly continued to infringe the Asserted Patents.

**COUNT I – INFRINGEMENT OF U.S. PATENT NO. 8,496,130**

51.     The allegations of each of the foregoing Paragraphs 1-50 are incorporated by reference as though fully set forth herein.

52.    The '130 patent is presumed valid and enforceable.

53.    Upon information and belief, Graham has made, used, offered for sale, sold and/or imported products, including within this District, including at least the Welch's 10 oz Bottle, Ocean Spray 10 oz Bottle, and other bottle products utilizing the same or substantially the same including at least the Accused Products, that directly and indirectly infringe, either literally or under the doctrine of equivalents, one or more claims of the '130 patent in violation of 35 U.S.C. § 271(a), (b) and (c), including claim 1.

54.    Attached hereto as **Exhibit F**, and incorporated herein by reference, is a representative claim chart detailing how the Accused Products infringe the '130 patent.

55.    The allegations provided herein and in **Exhibit F** are exemplary and without prejudice to Amcor's infringement contentions. In providing these allegations, Amcor does not convey or imply particular claim constructions or the precise scope of the claims. Amcor's claim construction contentions regarding the meaning and scope of the claim terms will be provided under the Court's scheduling order and local rules.

56.    Upon information and belief, Graham has offered for sale and/or sold the Accused Products knowing they are specifically made or adapted for use in infringing the '130 patent, with knowledge of the '130 patent and that there is no substantial non-infringing use.

57.    Graham will continue to infringe the '130 patent unless and until it is enjoined by this Court. Graham, by way of its infringing activities, has caused and continues to cause Amcor to suffer damages in an amount to be determined, and has caused and is causing Amcor irreparable harm. Amcor has no adequate remedy at law against Graham's acts of infringement and, unless Graham is enjoined from its infringement of the '130 patent, Amcor will continue to suffer irreparable harm.

58.    Graham had knowledge of and was aware of the '130 patent during development of the Accused Products, and therefore prior to any offer for sale or sale of the Accused Products. Thereafter, Graham deliberately or intentionally infringed the '130 patent and is thus liable for willful infringement.

59.    Upon information and belief, Graham has been and/or is inducing infringement of the '130 patent by its customers, by actively and knowingly inducing its customers to make, use, sell, offer for sale, or import the Accused Products that embody or use the invention claimed in the '130 patent, in violation of 35 U.S.C. § 271(b). Graham had knowledge of the '130 patent during development of the Accused Products and thus knew that the use, sale, offer for sale, or import of the Accused Products constituted infringement of the '130 patent. Nevertheless, Graham has been and/or is actively and knowingly inducing its customers to make, use, sell, offer for sale, and/or import the Accused Products in a filled capacity. *See* https://www.grahampackaging.com/solutions/lightweighting/active-base/.

60.    Upon information and belief, Graham has been and/or is contributing to the infringement of the '130 patent by its customers, by selling or offering to sell the Accused Products, knowing them to be especially made or especially adapted for practicing the invention of the '130 patent and not a staple article or commodity of commerce suitable for substantial non-infringing use, in violation of 35 U.S.C. § 271(c). Graham had knowledge of the '130 patent during development of the Accused Products and thus knew that the sale or offer for sale of the Accused Products by its customers constituted infringement of the '130 patent.

61.    Amcor is entitled to recover from Graham damages at least in an amount adequate to compensate for its infringement of the '130 patent, in addition to enhanced damages under 35

U.S.C. § 284 for Graham's willful infringement, which amount has yet to be determined, together with interest and costs fixed by the Court.

## COUNT II – INFRINGEMENT OF U.S. PATENT NO. 9,694,930

62.     The allegations of each of the foregoing Paragraphs 1-61 are incorporated by reference as though fully set forth herein.

63.     The '930 patent is presumed valid and enforceable.

64.     Upon information and belief, Graham has made, used, offered for sale, sold and/or imported products, including within this District, including at least the Accused Products, that directly and indirectly infringe, either literally or under the doctrine of equivalents, one or more claims of the '930 patent in violation of 35 U.S.C. § 271(a), (b) and (c), including claim 1.

65.     Attached hereto as **Exhibit G**, and incorporated herein by reference, is a representative claim chart detailing how the Accused Products infringe the '930 patent.

66.     The allegations provided herein and in **Exhibit G** are exemplary and without prejudice to Amcor's infringement contentions. In providing these allegations, Amcor does not convey or imply particular claim constructions or the precise scope of the claims. Amcor's claim construction contentions regarding the meaning and scope of the claim terms will be provided under the Court's scheduling order and local rules.

67.     Upon information and belief, Graham has offered for sale and/or sold the Accused Products knowing they are specifically made or adapted for use in infringing the '930 patent, with knowledge of the '930 patent and that there is no substantial non-infringing use.

68.     Graham will continue to infringe the '930 patent unless and until it is enjoined by this Court. Graham, by way of its infringing activities, has caused and continues to cause Amcor to suffer damages in an amount to be determined, and has caused and is causing Amcor irreparable harm. Amcor has no adequate remedy at law against Graham's acts of infringement and, unless

Graham is enjoined from its infringement of the '930 patent, Amcor will continue to suffer irreparable harm.

69.     Graham had knowledge of and was aware of the '930 patent during development of the Accused Products, and therefore prior to any offer for sale or sale of the Accused Products. Thereafter, Graham deliberately or intentionally infringed the '930 patent and is thus liable for willful infringement.

70.     Upon information and belief, Graham has been and/or is inducing infringement of the '930 patent by its customers, by actively and knowingly inducing its customers to make, use, sell, offer for sale, or import the Accused Products that embody or use the invention claimed in the '930 patent, in violation of 35 U.S.C. § 271(b). Graham had knowledge of the '930 patent during development of the Accused Products and thus knew that the use, sale, offer for sale, or import of the Accused Products constituted infringement of the '930 patent. Nevertheless, Graham has been and/or is actively and knowingly inducing its customers to make, use, sell, offer for sale, and/or import the Accused Products in a filled capacity. *See* https://www.grahampackaging.com/solutions/lightweighting/active-base/.

71.     Upon information and belief, Graham has been and/or is contributing to the infringement of the '930 patent by its customers, by selling or offering to sell the Accused Products, knowing them to be especially made or especially adapted for practicing the invention of the '930 patent and not a staple article or commodity of commerce suitable for substantial non-infringing use, in violation of 35 U.S.C. § 271(c). Graham had knowledge of the '930 patent during development of the Accused Products and thus knew that the sale or offer for sale of the Accused Products by its customers constituted infringement of the '930 patent.

72.     Amcor is entitled to recover from Graham damages at least in an amount adequate to compensate for its infringement of the '930 patent, in addition to enhanced damages under 35 U.S.C. § 284 for Graham's willful infringement, which amount has yet to be determined, together with interest and costs fixed by the Court.

<u>**COUNT III – INFRINGEMENT OF U.S. PATENT NO. 10,538,357**</u>

73.     The allegations of each of the foregoing Paragraphs 1-72 are incorporated by reference as though fully set forth herein.

74.     The '357 patent is presumed valid and enforceable.

75.     Upon information and belief, Graham has made, used, offered for sale, sold and/or imported products, including within this District, including at least the Accused Products, that directly and indirectly infringe, either literally or under the doctrine of equivalents, one or more claims of the '357 patent in violation of 35 U.S.C. § 271(a), (b) and (c), including claim 2.

76.     Attached hereto as **Exhibit H**, and incorporated herein by reference, is a representative claim chart detailing how the Accused Products infringe the '357 patent.

77.     The allegations provided herein and in **Exhibit H** are exemplary and without prejudice to Amcor's infringement contentions. In providing these allegations, Amcor does not convey or imply particular claim constructions or the precise scope of the claims. Amcor's claim construction contentions regarding the meaning and scope of the claim terms will be provided under the Court's scheduling order and local rules.

78.     Upon information and belief, Graham has offered for sale and/or sold the Accused Products knowing they are specifically made or adapted for use in infringing the '357 patent, with knowledge of the '357 patent and that there is no substantial non-infringing use.

79.     Graham will continue to infringe the '357 patent unless and until it is enjoined by this Court. Graham, by way of its infringing activities, has caused and continues to cause Amcor

to suffer damages in an amount to be determined, and has caused and is causing Amcor irreparable harm. Amcor has no adequate remedy at law against Graham's acts of infringement and, unless Graham is enjoined from its infringement of the '357 patent, Amcor will continue to suffer irreparable harm.

80.    Graham had knowledge of and was aware of the '357 patent during development of the Accused Products, and therefore prior to any offer for sale or sale of the Accused Products. Thereafter, Graham deliberately or intentionally infringed the '357 patent and is thus liable for willful infringement.

81.    Upon information and belief, Graham has been and/or is inducing infringement of the '357 patent by its customers, by actively and knowingly inducing its customers to make, use, sell, offer for sale, or import the Accused Products that embody or use the invention claimed in the '357 patent, in violation of 35 U.S.C. § 271(b). Graham had knowledge of the '357 patent during development of the Accused Products and thus knew that the use, sale, offer for sale, or import of the Accused Products by its customers constituted infringement of the '357 patent. Nevertheless, Graham has been and/or is actively and knowingly inducing its customers to make, use, sell, offer for sale, and/or import the Accused Products in a filled capacity. *See* https://www.grahampackaging.com/solutions/lightweighting/active-base/.

82.    Upon information and belief, Graham has been and/or is contributing to the infringement of the '357 patent by its customers, by selling or offering to sell the Accused Products, knowing them to be especially made or especially adapted for practicing the invention of the '357 patent and not a staple article or commodity of commerce suitable for substantial non-infringing use, in violation of 35 U.S.C. § 271(c). Graham had knowledge of the '357 patent during

development of the Accused Products and thus knew that the sale or offer for sale of the Accused Products by its customers constituted infringement of the '357 patent.

83.    Amcor is entitled to recover from Graham damages at least in an amount adequate to compensate for its infringement of the '357 patent, in addition to enhanced damages under 35 U.S.C. § 284 for Graham's willful infringement, which amount has yet to be determined, together with interest and costs fixed by the Court.

### COUNT IV – INFRINGEMENT OF U.S. PATENT NO. 11,091,289

84.    The allegations of each of the foregoing Paragraphs 1-83 are incorporated by reference as though fully set forth herein.

85.    The '289 patent is presumed valid and enforceable.

86.    Upon information and belief, Graham has made, used, offered for sale, sold and/or imported products, including within this District, including at least the Accused Products, that directly and indirectly infringe, either literally or under the doctrine of equivalents, one or more claims of the '289 patent in violation of 35 U.S.C. § 271(a), (b) and (c), including claim 1.

87.    Attached hereto as **Exhibit I**, and incorporated herein by reference, is a representative claim chart detailing how the Accused Products infringe the '289 patent.

88.    The allegations provided herein and in **Exhibit I** are exemplary and without prejudice to Amcor's infringement contentions. In providing these allegations, Amcor does not convey or imply particular claim constructions or the precise scope of the claims. Amcor's claim construction contentions regarding the meaning and scope of the claim terms will be provided under the Court's scheduling order and local rules.

89.    Upon information and belief, Graham has offered for sale and/or sold the Accused Products knowing they are specifically made or adapted for use in infringing the '289 patent, with knowledge of the '289 patent and that there is no substantial non-infringing use.

90.     Graham will continue to infringe the '289 patent unless and until it is enjoined by this Court. Graham, by way of its infringing activities, has caused and continues to cause Amcor to suffer damages in an amount to be determined, and has caused and is causing Amcor irreparable harm. Amcor has no adequate remedy at law against Graham's acts of infringement and, unless Graham is enjoined from its infringement of the '289 patent, Amcor will continue to suffer irreparable harm.

91.     Graham had knowledge of and was aware of the '289 patent during development of the Accused Products, and therefore prior to any offer for sale or sale of the Accused Products. Thereafter, Graham deliberately or intentionally infringed the '289 patent and is thus liable for willful infringement.

92.     Upon information and belief, Graham has been and/or is inducing infringement of the '289 patent by its customers, by actively and knowingly inducing its customers to make, use, sell, offer for sale, or import the Accused Products that embody or use the invention claimed in the '289 patent, in violation of 35 U.S.C. § 271(b). Graham had knowledge of the '289 patent during development of the Accused Products and thus knew that the use, sale, offer for sale, or import of the Accused Products constituted infringement of the '289 patent. Nevertheless, Graham has been and/or is actively and knowingly inducing its customers to make, use, sell, offer for sale, and/or import the Accused Products in a filled capacity. *See* https://www.grahampackaging.com/solutions/lightweighting/active-base/.

93.     Upon information and belief, Graham has been and/or is contributing to the infringement of the '289 patent by its customers, by selling or offering to sell the Accused Products to its customers, knowing them to be especially made or especially adapted for practicing the invention of the '289 patent and not a staple article or commodity of commerce suitable for

substantial non-infringing use, in violation of 35 U.S.C. § 271(c). Graham had knowledge of the '289 patent during development of the Accused Products and thus knew that the sale or offer for sale of the Accused Products by its customers constituted infringement of the '289 patent.

94.    Amcor is entitled to recover from Graham damages at least in an amount adequate to compensate for its infringement of the '289 patent, in addition to enhanced damages under 35 U.S.C. § 284 for Graham's willful infringement, which amount has yet to be determined, together with interest and costs fixed by the Court.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Amcor requests a jury trial on all issues so triable.

## REQUEST FOR RELIEF

WHEREFORE, Amcor respectfully requests the following relief:

A.    An adjudication that Amcor's rights in the Asserted Patents are valid and enforceable;

B.    a judgment on the Complaint in favor of Amcor and against Graham;

C.    a judgment that Graham has infringed, either literally and/or under the doctrine of equivalents, actively induced infringement of, and contributorily infringed one of more claims of the Asserted Patents;

D.    a judgment that Graham's infringement has been willful;

E.    the issuance of an injunction under 35 U.S.C. § 283, enjoining Graham, its officers, agents, servants, employees, licensees, representatives, attorneys, and all other persons active or attempting to act in concert with it, from further acts of infringement of the Asserted Patents;

F.      an award of damages sustained as a result of Graham's infringement of the Asserted Patents in an amount to be determined at trial provided under 35 U.S.C. § 284, including lost profits suffered by Amcor and/or in an amount not less than a reasonable royalty;

G.      an award of enhanced damages under 35 U.S.C. § 284 for Graham's willful infringement;

H.      an accounting for infringing sales not presented at trial and an award by the Court of additional damages for any such infringing sales;

I.      an award of pre-judgment and post-judgment interest on the damages caused by Graham's infringing activities and other conduct complained of herein;

J.      a finding that this is an exceptional case under 35 U.S.C. § 285;

K.      an award of reasonable attorneys' fees and costs incurred in connection with this action; and

L.      an award of any such other and further relief as the Court may deem just and proper.

OF COUNSEL:

Jeanne M. Gills
R. Spencer Montei
FOLEY & LARDNER, LLP
321 North Clark Street, Suite 3000
Chicago, Illinois 60654
jmgills@foley.com
rmontei@foley.com

Alexis K. Juergens
FOLEY & LARDNER, LLP
95 South State Street, Suite 2500
Salt Lake City, Utah 84111
ajuergens@foley.com

Tiffany K. Sung
FOLEY & LARDNER, LLP
555 Flower Street, Suite 3300
Los Angeles, California 90071
tsung@foley.com

*/s/ Frederick L. Cottrell, III*
Frederick L. Cottrell, III (#2555)
Christine D. Haynes (#4697)
RICHARDS, LAYTON & FINGER, P.A.
920 North King Street
Wilmington, Delaware 19801
(302) 651-7700
cottrell@rlf.com
haynes@rlf.com

*Attorneys for Plaintiff Amcor Rigid
Packaging USA, LLC.*