**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| AMCOR RIGID PACKAGING USA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case Action No. 1-24-cv-00790-MN |
| | ) | |
| GRAHAM PACKAGING COMPANY INC. and GRAHAM PACKAGING COMPANY, L.P., | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendants. | ) | |

**GRAHAM PACKAGING COMPANY INC. AND**
**GRAHAM PACKAGING COMPANY, L.P.'s ANSWER AND COUNTERCLAIMS**

Defendants Graham Packaging Company Inc. and Graham Packaging Company, L.P. (collectively, "Defendants" or "Graham"), through their undersigned counsel, hereby answer Plaintiff Amcor Rigid Packaging USA, LLC's ("Amcor" or "Plaintiff") Complaint ("Complaint"). D.I. 1. Graham answers and avers as follows with the numbered paragraphs corresponding to the like-numbered paragraphs of the Complaint. Any allegations not expressly admitted, denied, or explained, are denied, and Graham specifically denies that Graham infringes any Asserted patent or that Plaintiff is entitled to any relief whatsoever from Graham.

**NATURE OF THE ACTION[1]**

1.     This is a civil action for infringement of U.S. Patent No. 8,496,130 ("the '130 patent"), U.S. Patent No. 9,694,930 ("the '930 patent"), U.S. Patent No. 10,538,357 ("the '357 patent"), and U.S. Patent No. 11,091,289 ("the '289 patent") (collectively, the "Asserted Patents")

---

[1] For ease of reference, Graham copies the outline headings used in the Complaint. To the extent such headings make factual allegations, Graham does not adopt or admit such statements and thus denies them.

arising under the United States Patent Laws, Title 35, United States Code § 100, et seq., and in particular under § 271. Amcor seeks damages, injunctive relief, attorneys' fees, and any other relief the Court deems just and proper.

**RESPONSE:** Paragraph 1 of the Complaint contains a legal assertion to which no response is required. To the extent a response is required, Graham admits that Amcor's allegations in its Complaint arise under United States Patent Laws, Title 35, United States Code § 100, et seq. Graham denies that it infringes the Asserted Patents. Graham denies that Amcor is entitled to damages, an injunction, attorneys' fees, or any other relief. Graham denies any remaining allegations in Paragraph 1.

2.     This action arises out of Graham's making, using, selling, offering to sell, and/or importing lightweight plastic beverage bottles that infringe the Asserted Patents.

**RESPONSE:** Denied.

## THE PARTIES

3.     Plaintiff Amcor Rigid Packaging USA, LLC is a limited liability company organized and existing under the laws of the state of Delaware, having a principal place of business at 935 Technology Drive, Ann Arbor, Michigan 48108.

**RESPONSE:** Graham does not have sufficient information or knowledge to admit or deny the allegations in Paragraph 3 and therefore denies the allegations.

4.     Upon information and belief, Defendant Graham Inc. is a corporation organized and existing under the laws of the state of Delaware, having a principal place of business at 700 Indian Springs Drive, Suite 100, Lancaster, Pennsylvania 17601.

**RESPONSE:** Admitted.

5.      Upon information and belief, Defendant Graham L.P. is a limited partnership organized and existing under the laws of the state of Delaware, having a principal place of business at 700 Indian Springs Drive, Suite 100, Lancaster, Pennsylvania 17601.

**RESPONSE:**  Admitted.

## JURISDICTION AND VENUE

6.      This is a civil action for patent infringement arising under the United States Patent Laws, including 35 U.S.C. § 271. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

**RESPONSE:**  Paragraph 6 of the Complaint contains a legal assertion to which no response is required.  To the extent a response is required, Graham admits that Amcor's Complaint attempts to allege a civil action for patent infringement arising under the United States Patent Laws, including 35 U.S.C. § 271.  Graham admits that the Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).  Graham denies that it infringes the Asserted Patents. Graham denies any remaining allegations in Paragraph 6.

7.      This Court has general and specific personal jurisdiction over Defendants because, *inter alia*, Defendants, upon information and belief, (1) are registered under the laws of the State of Delaware and are therefore residents of this District, (2) have substantial, continuous, and systematic contacts with the State of Delaware, (3) perform the legal violations described herein within this District, (4) and derive revenue and value therefrom, to purposefully avail themselves of the privilege of conducting business within this state and District.

**RESPONSE:**  Graham admits that the Court has personal jurisdiction over Graham with respect to this case.  Graham further admits that each of the Defendant Graham entities is registered under the laws of the State of Delaware and has contacts with this District.  Graham denies that it

3

has performed a legal violation as described in the Complaint or derived any revenue from any such alleged legal violation. Graham denies any remaining allegations in Paragraph 7.

8.    This Court may exercise jurisdiction over Defendants on the ground that the Defendants are incorporated or registered as a limited partnership in this District. Additionally, upon information and belief, Defendants have purposely availed themselves of this forum by making, using, importing, selling, and/or offering to sell the Accused Products (as defined below) in the State of Delaware, or causing others to do the same, and therefore can reasonably expect to be subject to jurisdiction in the Delaware courts.

**RESPONSE:**    Graham admits that the Court may exercise jurisdiction over the Defendants.   The remaining allegations in Paragraph 8 recite legal conclusions to which no response is required.   To the extent a response is required, Graham denies the remaining allegations.

9.    Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b) because, *inter alia*, 1) Graham Inc. is a resident of this District as a corporation organized and existing under the laws of the State of Delaware and is subject to personal jurisdiction in this District; and 2) Graham L.P. is a resident of this District as a limited partnership organized and existing under the laws of the State of Delaware and is subject to personal jurisdiction in this District. Defendants have also directly infringed and/or induced the infringement of others, including their customers, in this District.

**RESPONSE:**  Graham admits that venue is proper in this District.  Graham further admits that each of the Graham Defendants are organized and exist under the laws of the State of Delaware.  Graham denies any the remaining allegations in Paragraph 9.

## FACTUAL BACKGROUND

### Amcor and Technology Background

10.    Amcor is a leading innovator in developing and producing responsible packaging solutions for food, beverage, pharmaceutical, medical, home, and personal care products, and other products.

**RESPONSE:**  Graham lacks sufficient information or knowledge to admit or deny the allegations made in Paragraph 10 and therefore denies the allegations.

11.    Of particular relevance to this case, Amcor is engaged in developing and producing lightweight plastic bottles utilizing its patented technology. These bottles are known as "PowerStrap$^{TM}$ 10 oz" and "ActiveHinge$^{TM}$ 10 oz" and are 33mm finished lightweight and shelf stable hot fill bottles with improved label and surface feel. Amcor's patented technology provides stability and utilizes less raw materials, resulting in reduced costs, improved manufacturing process and speeds, and better operational efficiency with respect to the production of the ultimate-end product.

**RESPONSE:**  Graham lacks sufficient information or knowledge to admit or deny the allegations made in Paragraph 11 and therefore denies the allegations.

12.    Amcor has long been the legacy supplier of these lightweight plastic bottles for numerous well-known beverage companies, including Welch's and Ocean Spray.

**RESPONSE:**  Graham lacks sufficient information or knowledge to admit or deny the allegations made in Paragraph 12 and therefore denies the allegations.

13.    Amcor has invested millions of dollars into research and development to develop its innovative lightweight bottle technology. As a result of its history and dedication to innovation,

Amcor has been awarded numerous patents in the United States, including but not limited to the Asserted Patents.

**RESPONSE:** Graham lacks sufficient information or knowledge to admit or deny the allegations made in Paragraph 13 and therefore denies the allegations.

## The Asserted Patents

14.     On July 30, 2013, the United States Patent and Trademark Office (the "USPTO") duly and lawfully issued U.S. Patent No. 8,496,130, entitled "Hot-Fill Container Having Movable Ribs for Accommodating Vacuum Forces" and naming Michael T. Lane, Rohit V. Joshi, and John B. Simon as inventors. A true and correct copy of the '130 patent is attached as **Exhibit A**.

**RESPONSE:** Graham admits that U.S. Patent No. 8,496,130 is entitled "Hot-Fill Container Having Movable Ribs for Accommodating Vacuum Forces," and purports to name Michael T. Lane, Rohit V. Joshi, and John B. Simon as inventors. Graham admits that Exhibit A purports to be a copy of the '130 patent. Graham lacks sufficient information or knowledge to admit or deny the remaining allegations made in Paragraph 14 and therefore denies the allegations.

15.     Amcor is the assignee of the entire right, title, and interest in the '130 patent, including all rights to make, use, sell, offer for sale, and import products that practice the claims of the '130 patent. Amcor also has the right to enforce and prosecute actions for infringement and to collect damages against infringers of the '130 patent. Defendants have no license or authorization to practice the technology of the '130 patent.

**RESPONSE:** Graham lacks sufficient information or knowledge to admit or deny the allegations made in Paragraph 15 and therefore denies the allegations.

16.    The '130 patent is generally directed to a one-piece plastic container that includes a series of horizontal lands and horizontal ribs designed to achieve optimal performance with regard to vacuum absorption, top load strength capabilities, and dent resistance.

**RESPONSE:**  Paragraph 16 does not make any specific factual allegations, but instead attempts to summarize the '130 patent.  The '130 patent speaks for itself.  To the extent a response is required, Graham denies the allegations in Paragraph 16.

17.    The '130 patent has 20 claims: 3 independent claims and 17 dependent claims.

**RESPONSE:**  Admitted.

18.    The '130 patent claims, among other things:

> 1. A one-piece plastic container comprising:
> an upper portion, a sidewall portion and a base portion, said sidewall portion being integrally formed with and extending from said upper portion to said base portion, said base portion closing off an end of the container; said sidewall portion defined in part by a plurality of horizontal ribs arranged substantially perpendicular to a longitudinal axis of the container, at least one of the horizontal ribs being disposed longitudinally between an upper land and a lower land, a cross section of the at least one of the horizontal ribs taken parallel to the longitudinal axis being defined by an upper wall, a lower wall, and an inner curved wall that extends between the upper and lower walls, the inner curved wall being curved along an innermost radius, the at least one of the horizontal ribs transitioning to the upper land along an upper outer radius, the at least one of the horizontal ribs transitioning to the lower land along a lower outer radius, a sum of the upper and lower radii being at least 0.14 inches and at most 0.28 inches, the at least one of the horizontal ribs defining an acute angle that is variable according to vacuum forces generated within the container to thereby accommodate the vacuum forces.

**RESPONSE:**  Graham admits that Paragraph 18 quotes from the '130 patent.  The '130 patent speaks for itself.  Graham denies any remaining allegations in Paragraph 18.

19.    On July 4, 2017, the USPTO duly and lawfully issued U.S. Patent No. 9,694,930, entitled "Lightweight Container Base" and naming Michael T. Lane, Walter Paegel, and Peidong Han as inventors. A true and correct copy of the '930 patent is attached as **Exhibit B.**

**RESPONSE:** Graham admits that U.S. Patent No. 9,694,930 is entitled "Lightweight Container base," and purports to name Michael T. Lane, Walter Paegel, and Peidong Han as inventors. Graham admits that Exhibit B purports to be a copy of the '930 patent. Graham lacks sufficient information or knowledge to admit or deny the remaining allegations made in Paragraph 19 and therefore denies the allegations.

20.   Amcor is the assignee of the entire right, title, and interest in the '930 patent, including all rights to make, use, sell, offer for sale, and import products that practice the claims of the '930 patent. Amcor also has the right to enforce and prosecute actions for infringement and to collect damages against infringers of the '930 patent. Defendants have no license or authorization to practice the technology of the '930 patent.

**RESPONSE:** Graham lacks sufficient information or knowledge to admit or deny the allegations made in Paragraph 20 and therefore denies the allegations.

21.   The '930 patent is generally directed to a container having a plurality of ribs and a base portion configured to place the container in a state of hydraulic charge-up when top load is applied to the container after the container is filled and closed, where the base portion has a contact surface for supporting the container and a plurality of straps extend radially along the base portion, each one defining a strap surface that is closer to the finish than the contact surface.

**RESPONSE:** Paragraph 21 does not make any specific factual allegations, but instead attempts to summarize the '930 patent. The '930 patent speaks for itself. To the extent a response is required, Graham denies the allegations in Paragraph 21.

22.   The '930 patent has 31 claims: 3 independent claims and 28 dependent claims.

**RESPONSE:** Admitted.

23.   The '930 patent claims, among other things:

1.     A container defining a longitudinal axis and a transverse direction that is transverse with respect to the longitudinal axis, the container comprising:

a finish;

a sidewall portion extending from the finish;

a plurality of ribs defined by the sidewall portion;

a base portion extending from the sidewall portion and enclosing the sidewall portion to form a volume therein for retaining a commodity, the base portion having a footed contact surface for supporting the container; and

a plurality of straps extending radially along the base portion away from the longitudinal axis in the trans-verse direction, each one of the straps defining a strap surface that is closer to the finish than the footed contact surface;

wherein:

the plurality of ribs and the base portion are configured to place the container in a state of hydraulic charge-up when top load is applied to the container after the container is filled and closed with a closure coupled to the finish; the container is made of a polymeric material; the base portion includes a central pushup portion at anaxial center thereof, the longitudinal axis extends through the central pushup portion;

an outward strap radius defined by the base portion decreases when the container is subject to volume displacement causing increased vacuum;

an inward foot radius defined by the base portion increases when the container is subject to volume displacement causing increased vacuum, the inward foot radius is inward relative to the footed contact surface of the container and is along a curved side surface between the footed contact surface and the central pushup portion;

and a standing base radius defined by the base portion decreases when the container is subject to volume displacement causing increased vacuum.

**RESPONSE:**  Graham admits that Paragraph 23 quotes from the '930 patent.  The '930 patent speaks for itself.  Graham denies any remaining allegations in Paragraph 23.

24.     On January 21, 2020, the USPTO duly and lawfully issued U.S. Patent No. 10,538,357, entitled "Lightweight Container Base" and naming Michael T. Lane, Walt Paegel, and

Peidong Han as inventors. A true and correct copy of the '357 patent is attached as **Exhibit C.**

**RESPONSE:** Graham admits that U.S. Patent No. 10,538,357 is entitled "Lightweight Container Base," and purports to name Michael T. Lane, Walt Paegel, and Peidong Han as inventors. Graham admits that Exhibit C purports to be a copy of the '357 patent. Graham lacks sufficient information or knowledge to admit or deny the remaining allegations made in Paragraph 24 and therefore denies the allegations.

25.    Amcor is the assignee of the entire right, title, and interest in the '357 patent, including all rights to make, use, sell, offer for sale, and import products that practice the claims of the '357 patent. Amcor also has the right to enforce and prosecute actions for infringement and to collect damages against infringers of the '357 patent. Defendants have no license or authorization to practice the technology of the '357 patent.

**RESPONSE:** Graham lacks sufficient information or knowledge to admit or deny the allegations made in Paragraph 25 and therefore denies the allegations.

26.    The '357 patent is generally directed to a container having a plurality of ribs and a base portion configured to place the container in a state of hydraulic charge-up when top load is applied to the container after the container is filled and closed, where the base portion has a contact surface for supporting the container and a plurality of straps extend radially along the base portion, each one defining a strap surface that is closer to the finish than the contact surface.

**RESPONSE:** Paragraph 26 does not make any specific factual allegations, but instead attempts to summarize the '357 patent. The '357 patent speaks for itself. To the extent a response is required, Graham denies the allegations in Paragraph 26.

27.    The '357 patent has 8 claims: 1 independent claim and 7 dependent claims.

**RESPONSE:** Admitted.

28.    The '357 patent claims, among other things:

1.    A container defining a longitudinal axis and a transverse direction that is transverse with respect to the longitudinal axis, the container comprising:

a finish;

a sidewall portion extending from the finish;

a plurality of ribs defined by the sidewall portion;

a base portion extending from the sidewall portion and enclosing the sidewall portion to form a volume therein for retaining a commodity, the base portion having a plurality of footed contact surfaces for supporting the container; and

a plurality of straps extending radially along the base portion away from the longitudinal axis in the trans-verse direction, each one of the straps defining a strap surface that is closer to the finish than the plurality of footed contact surfaces;

wherein:

the plurality of ribs and the base portion are configured to cause the container to cross over from a vacuum phase to a phase of hydraulic charge-up when top load is applied to the container after the container is filled and closed with a closure coupled to the finish;

the container is made of a polymeric material;

the base portion includes a central pushup portion at anaxial center thereof, the longitudinal axis extends through the central pushup portion;

an outward strap radius defined by the base portion as-blown decreases when the container is subject to volume displacement post-fill causing increased vacuum;

an inward foot radius defined by the base portion as-blown increases when the container subject to volume displacement post-fill causing increased vacuum, the inward foot radius is inward relative to the plurality of footed contact surfaces of the container and is along a curved side surface between the plurality of footed contact surfaces and the central pushup portion;

a standing base radius defined by the base portion as-blown decreases when the container is subject to volume displacement post-fill causing increased vacuum; and

a total projected area of the plurality of footed contact surfaces as-blown is at least twice the size of a total projected area of the plurality of straps.

2.    The container of claim 1, wherein the total projected area of
the plurality of footed contact surfaces is 2 to 4.8 times the size of a
total projected area of the plurality of straps.

**RESPONSE:**  Graham admits that Paragraph 28 quotes from the '357 patent.  The '357

patent speaks for itself.  Graham denies any remaining allegations in Paragraph 28.

29.    On August 17, 2021, the USPTO duly and lawfully issued U.S. Patent No.

11,091,289, entitled "Lightweight Container Base" and naming Michael T. Lane, Walter Paegel,

and Peidong Han as inventors. A true and correct copy of the '289 patent is attached as **Exhibit**

**D.**

**RESPONSE:**  Graham admits that U.S. Patent No. 11,091,289 is entitled "Lightweight

Container Base," and purports to name Michael T. Lane, Walt Paegel, and Peidong Han as

inventors.  Graham admits that Exhibit D purports to be a copy of the '289 patent.  Graham lacks

sufficient information or knowledge to admit or deny the remaining allegations made in Paragraph

29 and therefore denies the allegations.

30.    Amcor is the assignee of the entire right, title, and interest in the '289 patent,

including all rights to make, use, sell, offer for sale, and import products that practice the claims

of the '289 patent. Amcor also has the right to enforce and prosecute actions for infringement and

to collect damages against infringers of the '289 patent. Defendants have no license or

authorization to practice the technology of the '289 patent.

**RESPONSE:**  Graham lacks sufficient information or knowledge to admit or deny the

allegations made in Paragraph 30 and therefore denies the allegations.

31.    The '289 patent is generally directed to a container having a plurality of ribs and a

base portion configured to place the container in a state of hydraulic charge-up when top load is

applied to the container after the container is filled and closed, where the base portion has a contact

surface for supporting the container and a plurality of straps extend radially along the base portion, each one defining a strap surface that is closer to the finish than the contact surface.

**RESPONSE:**  Paragraph 31 does not make any specific factual allegations, but instead attempts to summarize the '289 patent.  The '289 patent speaks for itself.  To the extent a response is required, Graham denies the allegations in Paragraph 31.

32.    The '289 patent has 8 claims: 1 independent claim and 7 dependent claims.

**RESPONSE:**  Admitted.

33.    The '289 patent claims, among other things:

1.    A container defining a longitudinal axis and a transverse direction that is transverse with respect to the longitudinal axis, the container comprising:

a finish;

a sidewall portion extending from the finish;

a plurality of ribs defined by the sidewall portion;

a base portion extending from the sidewall portion and enclosing the sidewall portion to form a volume therein for retaining a commodity, the base portion having a plurality of footed contact surfaces for supporting the container; and

a plurality of straps extending radially along the base portion away from the longitudinal axis in the trans-verse direction, each one of the straps defining a strap surface that is closer to the finish than the plurality of footed contact surfaces;

wherein:

the plurality of ribs and the base portion are configured to cause the container to cross over from a vacuum phase to a phase of hydraulic charge-up when top load is applied to the container after the container is filled and closed with a closure coupled to the finish;

the container is made of a polymeric material;

the base portion includes a central pushup portion at anaxial center thereof, the longitudinal axis extends through the central pushup portion;

an outward strap radius defined by the base portion as-blown decreases when the container is subject to volume displacement post-fill causing increased vacuum;

an inward foot radius defined by the base portion as-blown increases when the container is subject to volume displacement post-fill causing increased vacuum, the inward foot radius is inward relative to the plurality of footed contact surfaces of the container and is along a curved side surface between the plurality of footed contact surfaces and the central pushup portion;

a standing base radius defined by the base portion as-blown decreases when the container is subject to volume displacement post-fill causing increased vacuum; and

a total projected area of the plurality of footed contact surfaces as-blown is at least twice the size of a total projected area of the plurality of straps.

**RESPONSE:** Graham admits that Paragraph 33 quotes from the '289 patent. The '289 patent speaks for itself. Graham denies any remaining allegations in Paragraph 33.

### The Accused Products and Graham's [Alleged] Infringement

34. Graham is a direct competitor of Amcor and is engaged in custom plastic bottle manufacturing. *See* https://www.grahampackaging.com/about-us/.

**RESPONSE:** Graham admits that it is engaged in custom plastic bottle manufacturing. The remaining allegations in Paragraph 34 are vague and Graham therefore denies the allegations.

35. Graham markets "lightweighting technology" for packaging "to help offset some of the monetary and environmental costs of heavier products" *(see* https://www.grahampackaging.com/solutions/lightweighting/), and claims to "make some of the lightest weight juice bottles on the market" *(see* https://www.grahampackaging.com/markets/beverage/juices/).

**RESPONSE:** Graham admits that Paragraph 35 quotes from the two hyperlinked websites, which speak for themselves. Graham denies any remaining allegations in Paragraph 35.

36. Amcor and Graham thus compete in the marketplace for supply of lightweight plastic bottles. This competition includes competition for supply contracts, including multi-year supply contracts, involving supply of lightweight plastic bottles to beverage companies and/or their contractors and subcontractors. These contracts are often competitively bid, where a beverage

company provides a Request for Proposal ("RFP") soliciting quotes from bottle manufacturers for provision of goods and services, including supply of lightweight plastic bottles.

**RESPONSE:** Graham admits that it has in the past competed with Amcor in the marketplace for plastic bottles and admits that beverage companies can issue Requests for Proposals soliciting quotes from bottle manufacturers.

37. Upon information and belief, Graham has recently been awarded supply contracts for Welch's 10 oz juice bottles, Ocean Spray 10 oz juice bottles, and 7-Eleven Replenish 28 oz sports drink bottles.

**RESPONSE:** Graham admits that it supplies the following products: Welch's 10 oz juice bottles, Ocean Spray 10 oz juice bottles, and 7-Eleven Replenish 28 oz sports drink bottles.

38. Upon information and belief, Graham copied and used technology infringing the Asserted Patents in order to secure the foregoing supply contracts.

**RESPONSE:** Denied.

### Welch's 10 oz Bottle

39. Upon information and belief, Graham responded to an RFP from Welch's offering to supply certain lightweight 10 oz plastic juice bottles. For example, upon information and belief, Graham offered to supply Welch's with a lightweight 10 oz bottle depicted in the photograph below (the "Welch's 10 oz Bottle"):



**RESPONSE:** Graham admits that it supplies Welch's with a 10oz juice bottle. Graham does not have sufficient information to determine if the bottle pictured in Paragraph 39 is the same bottle that Graham provides to Welch's.

40.     As alleged in more detail below, the Welch's 10 oz Bottle that Graham offered to sell, and has since sold, to Welch's, infringes the Asserted Patents. Upon information and belief, but-for Graham's infringement of the Asserted Patents in connection with this offer for sale, Amcor would have been awarded the Welch's supply contract, having also responded to Welch's RFP offering lightweight 10 oz juice bottles utilizing the technology of the Asserted Patents.

**RESPONSE:** Denied.

### Ocean Spray 10 oz Bottle

41.     Upon information and belief, Graham responded to an RFP from Ocean Spray offering to supply certain lightweight 10 oz plastic juice bottles that are identical or substantially similar in relevant respects to the Welch's 10 oz Bottle (the "Ocean Spray 10 oz Bottle").

**RESPONSE:** Graham admits that it has offered to supply a 10oz plastic juice bottle to Ocean Spray. Graham denies the remaining allegations in Paragraph 41.

42.     As alleged in more detail below, the Ocean Spray 10 oz Bottle that Graham offered

to sell to Ocean Spray infringes the Asserted Patents. Upon information and belief, but-for Graham's infringement of the Asserted Patents, Amcor would have been awarded the Ocean Spray supply contract, having also responded to the Ocean Spray RFP offering lightweight 10 oz juice bottles utilizing the technology of the Asserted Patents.

**RESPONSE:** Denied.

### 7-Eleven Replenish 28 oz Bottle

43.     Upon information and belief, Graham has offered for sale and/or is selling lightweight plastic bottles utilizing the same or similar technology it is utilizing in the Welch's 10 oz Bottle and Ocean Spray 10 oz Bottle to other beverage companies, including contractors and/or subcontractors of 7-Eleven who manufacture lightweight plastic bottles for use in connection with 7-Eleven's line of sports drink. For example, upon information and belief, Graham has offered for sale and sold a lightweight 28 oz bottle to such contractors or subcontractors of 7-Eleven for use in the 7-Eleven Replenish 28 oz sports drink bottle depicted in the photograph below (the "7-Eleven Replenish 28 oz Bottle"):



**RESPONSE:** Graham admits that it has offered to supply a 28oz sports drink bottle that is sold by 7-Eleven.   Graham does not have sufficient information to determine if the bottle

pictured in Paragraph 43 is the same bottle that Graham manufactures that is sold by 7-Eleven. Graham denies the remaining allegations in Paragraph 43.

44.    Upon information and belief, Graham has engaged in activity that infringes the Asserted Patents within this District, including through at least the offer for sale and/or sale of the Welch's 10 oz Bottle, the Ocean Spray 10 oz Bottle, the 7-Eleven Replenish 28 oz Bottle, and/or other bottle products utilizing the same or substantially the same technology alleged to infringe the Asserted Patents ("the Accused Products"). Discovery may show additional activities and products, including but not limited to other lightweight plastic bottles offered for sale and/or sold by Graham that infringe the Asserted Patents.

**RESPONSE:**  Denied.

45.    Upon information and belief, Graham has induced infringement of the Asserted Patents by intentionally encouraging, aiding and abetting acts of direct infringement of the Asserted Patents, including through at least the sale of the Accused Products, with knowledge of the Asserted Patents and said infringement.

**RESPONSE:**  Denied.

46.    Upon information and belief, Graham has contributed to infringement of the Asserted Patents including through at least the sale of the Accused Products, knowing they were specifically made or adapted for use in infringing the Asserted Patents, with knowledge of the Asserted Patents and that there is no substantial non-infringing use.

**RESPONSE:**  Denied.

47.    Graham has made and continues to make extensive use of the technology described and claimed in the Asserted Patents. Amcor has suffered economic harm as a result of Graham's infringing activities in an amount to be proven at trial and is entitled to the relief identified in its

Request for Relief in this Complaint.

**RESPONSE:** Denied.

## Graham's [Alleged] Knowledge of Infringement

48.    Upon information and belief, Graham had knowledge of the Asserted Patents during its development of the Accused Products and no later than when it offered to sell the Accused Products to customers, including at least Welch's, Ocean Spray, and/or 7-Eleven Replenish.

**RESPONSE:**  Graham gained knowledge of the Asserted Patents at different times. Graham had knowledge of the '130 patent at least as early as March 2021.  Graham had knowledge of the '289 patent at least as early as February 2022.  Graham had knowledge of the '357 patent and the '930 patent at least as early as April 2022.  The phrase "during its development of the Accused Products" is vague and ambiguous and therefore Graham denies this allegation.  The term "offered to sell the Accused Products" states a legal conclusion to which no response is required. Graham denies the remaining allegations of Paragraph 48.

49.    No later than October 20, 2023, Amcor notified Graham that the Welch's 10 oz Bottle and Ocean Spray 10 oz Bottle infringe the Asserted Patents. *See* **Exhibit E.**

**RESPONSE:**  Graham admits that Exhibit E purports to be a letter that Amcor sent to Graham.  Exhibit E speaks for itself.  Graham denies that the Welch's 10 oz Bottle and Ocean Spray 10 oz Bottle infringe the Asserted Patents.

50.    Despite having knowledge of the Asserted Patents, Graham knowingly and willingly continued to infringe the Asserted Patents.

**RESPONSE:** Denied.

**COUNT I — [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 8,496,130**

51.     The allegations of each of the foregoing Paragraphs 1-50 are incorporated by reference as though fully set forth herein.

**RESPONSE:**  Graham incorporates by reference its responses to Paragraphs 1-50.

52.     The '130 patent is presumed valid and enforceable.

**RESPONSE:**  Paragraph 52 states a legal conclusion to which no response is required.  To the extent a response is required, Graham denies that the '130 patent is valid and enforceable.

53.     Upon information and belief, Graham has made, used, offered for sale, sold and/or imported products, including within this District, including at least the Welch's 10 oz Bottle, Ocean Spray 10 oz Bottle, and other bottle products utilizing the same or substantially the same including at least the Accused Products, that directly and indirectly infringe, either literally or under the doctrine of equivalents, one or more claims of the '130 patent in violation of 35 U. S.C. § 271(a), (b) and (c), including claim 1.

**RESPONSE:**  Denied.

54.     Attached hereto as **Exhibit F,** and incorporated herein by reference, is a representative claim chart detailing how the Accused Products infringe the '130 patent.

**RESPONSE:**  Graham admits that Exhibit F purports to be a claim chart for the '130 patent.  Graham denies that Exhibit F is representative and also denies that Exhibit F "detail[s] how the Accused Products infringe the '130 patent."  Graham further denies that the Accused Products infringe the '130 patent.

55.     The allegations provided herein and in **Exhibit F** are exemplary and without prejudice to Amcor's infringement contentions. In providing these allegations, Amcor does not convey or imply particular claim constructions or the precise scope of the claims. Amcor's claim

construction contentions regarding the meaning and scope of the claim terms will be provided under the Court's scheduling order and local rules.

**RESPONSE:** Paragraph 55 does not assert any allegations to which a response is required. To the extent a response is required, Graham denies the allegations in Paragraph 55.

56.     Upon information and belief, Graham has offered for sale and/or sold the Accused Products knowing they are specifically made or adapted for use in infringing the '130 patent, with knowledge of the '130 patent and that there is no substantial non-infringing use.

**RESPONSE:**  Denied.

57.     Graham will continue to infringe the '130 patent unless and until it is enjoined by this Court. Graham, by way of its infringing activities, has caused and continues to cause Amcor to suffer damages in an amount to be determined, and has caused and is causing Amcor irreparable harm. Amcor has no adequate remedy at law against Graham's acts of infringement and, unless Graham is enjoined from its infringement of the '130 patent, Amcor will continue to suffer irreparable harm.

**RESPONSE:**  Denied.

58.     Graham had knowledge of and was aware of the '130 patent during development of the Accused Products, and therefore prior to any offer for sale or sale of the Accused Products. Thereafter, Graham deliberately or intentionally infringed the '130 patent and is thus liable for willful infringement.

**RESPONSE:**  Graham had knowledge of the '130 patent at least as early as March 2021. The phrase "during development of the Accused Products" is vague and ambiguous and therefore Graham denies this allegation.  The term "offer to sell the Accused Products" states a legal

conclusion to which no response is required.  Graham denies the remaining allegations of Paragraph 58.

59.    Upon information and belief, Graham has been and/or is inducing infringement of the '130 patent by its customers, by actively and knowingly inducing its customers to make, use, sell, offer for sale, or import the Accused Products that embody or use the invention claimed in the '130 patent, in violation of 35 U.S.C. § 271(b). Graham had knowledge of the '130 patent during development of the Accused Products and thus knew that the use, sale, offer for sale, or import of the Accused Products constituted infringement of the '130 patent. Nevertheless, Graham has been and/or is actively and knowingly inducing its customers to make, use, sell, offer for sale, and/or import the Accused Products in a filled capacity. *See* https://www.grahampackaging. com/solutions/lightweighting/active-base/.

**RESPONSE:**  Denied.

60.    Upon information and belief, Graham has been and/or is contributing to the infringement of the '130 patent by its customers, by selling or offering to sell the Accused Products, knowing them to be especially made or especially adapted for practicing the invention of the '130 patent and not a staple article or commodity of commerce suitable for substantial non-infringing use, in violation of 35 U. S.C. § 271(c). Graham had knowledge of the '130 patent during development of the Accused Products and thus knew that the sale or offer for sale of the Accused Products by its customers constituted infringement of the '130 patent.

**RESPONSE:**  Denied.

61.    Amcor is entitled to recover from Graham damages at least in an amount adequate to compensate for its infringement of the '130 patent, in addition to enhanced damages under 35 U.S.C. § 284 for Graham's willful infringement, which amount has yet to be determined, together

with interest and costs fixed by the Court.

**RESPONSE:** Denied.

### COUNT II — [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 9,694,930

62.    The allegations of each of the foregoing Paragraphs 1-61 are incorporated by reference as though fully set forth herein.

**RESPONSE:**  Graham incorporates by reference its responses to Paragraphs 1-61.

63.    The '930 patent is presumed valid and enforceable.

**RESPONSE:**  Paragraph 63 states a legal conclusion to which no response is required.  To the extent a response is required, Graham denies that the '930 patent is valid and enforceable.

64.    Upon information and belief, Graham has made, used, offered for sale, sold and/or imported products, including within this District, including at least the Accused Products, that directly and indirectly infringe, either literally or under the doctrine of equivalents, one or more claims of the '930 patent in violation of 35 U.S.C. § 271(a), (b) and (c), including claim 1.

**RESPONSE:**  Denied.

65.    Attached hereto as **Exhibit G,** and incorporated herein by reference, is a representative claim chart detailing how the Accused Products infringe the '930 patent.

**RESPONSE:**  Graham admits that Exhibit G purports to be a claim chart for the '930 patent.  Graham denies that Exhibit G is representative and also denies that Exhibit G "detail[s] how the Accused Products infringe the '930 patent."  Graham further denies that the Accused Products infringe the '930 patent.

66.    The allegations provided herein and in **Exhibit G** are exemplary and without prejudice to Amcor's infringement contentions. In providing these allegations, Amcor does not convey or imply particular claim constructions or the precise scope of the claims. Amcor's claim

construction contentions regarding the meaning and scope of the claim terms will be provided under the Court's scheduling order and local rules.

**RESPONSE:** Paragraph 66 does not assert any allegations to which a response is required. To the extent a response is required, Graham denies the allegations in Paragraph 66.

67.    Upon information and belief, Graham has offered for sale and/or sold the Accused Products knowing they are specifically made or adapted for use in infringing the '930 patent, with knowledge of the '930 patent and that there is no substantial non-infringing use.

**RESPONSE:** Denied.

68.    Graham will continue to infringe the '930 patent unless and until it is enjoined by this Court. Graham, by way of its infringing activities, has caused and continues to cause Amcor to suffer damages in an amount to be determined, and has caused and is causing Amcor irreparable harm. Amcor has no adequate remedy at law against Graham's acts of infringement and, unless Graham is enjoined from its infringement of the '930 patent, Amcor will continue to suffer irreparable harm.

**RESPONSE:** Denied.

69.    Graham had knowledge of and was aware of the '930 patent during development of the Accused Products, and therefore prior to any offer for sale or sale of the Accused Products. Thereafter, Graham deliberately or intentionally infringed the '930 patent and is thus liable for willful infringement.

**RESPONSE:** Denied.

70.    Upon information and belief, Graham has been and/or is inducing infringement of the '930 patent by its customers, by actively and knowingly inducing its customers to make, use, sell, offer for sale, or import the Accused Products that embody or use the invention claimed in

the '930 patent, in violation of 35 U.S.C. § 271(b). Graham had knowledge of the '930 patent during development of the Accused Products and thus knew that the use, sale, offer for sale, or import of the Accused Products constituted infringement of the '930 patent. Nevertheless, Graham has been and/or is actively and knowingly inducing its customers to make, use, sell, offer for sale, and/or import the Accused Products in a filled capacity. *See* https://www.grahampackaging.com/solutions/lightweighting/active-base/.

**RESPONSE:** Denied.

71.    Upon information and belief, Graham has been and/or is contributing to the infringement of the '930 patent by its customers, by selling or offering to sell the Accused Products, knowing them to be especially made or especially adapted for practicing the invention of the '930 patent and not a staple article or commodity of commerce suitable for substantial non-infringing use, in violation of 35 U. S.C. § 271(c). Graham had knowledge of the '930 patent during development of the Accused Products and thus knew that the sale or offer for sale of the Accused Products by its customers constituted infringement of the '930 patent.

**RESPONSE:** Denied.

72.    Amcor is entitled to recover from Graham damages at least in an amount adequate to compensate for its infringement of the '930 patent, in addition to enhanced damages under 35 U.S.C. § 284 for Graham's willful infringement, which amount has yet to be determined, together with interest and costs fixed by the Court.

**RESPONSE:** Denied.

## COUNT III — [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 10,538,357

73.    The allegations of each of the foregoing Paragraphs 1-72 are incorporated by reference as though fully set forth herein.

**RESPONSE:** Graham incorporates by reference its responses to Paragraphs 1-72.

74.     The '357 patent is presumed valid and enforceable.

**RESPONSE:** Paragraph 74 states a legal conclusion to which no response is required. To the extent a response is required, Graham denies that the '357 patent is valid and enforceable.

75.     Upon information and belief, Graham has made, used, offered for sale, sold and/or imported products, including within this District, including at least the Accused Products, that directly and indirectly infringe, either literally or under the doctrine of equivalents, one or more claims of the '357 patent in violation of 35 U.S.C. § 271(a), (b) and (c), including claim 2.

**RESPONSE:** Denied.

76.     Attached hereto as **Exhibit H,** and incorporated herein by reference, is a representative claim chart detailing how the Accused Products infringe the '357 patent.

**RESPONSE:** Graham admits that Exhibit H purports to be a claim chart for the '357 patent. Graham denies that Exhibit H is representative and also denies that Exhibit H "detail[s] how the Accused Products infringe the '357 patent." Graham further denies that the Accused Products infringe the '357 patent.

77.     The allegations provided herein and in **Exhibit H** are exemplary and without prejudice to Amcor's infringement contentions. In providing these allegations, Amcor does not convey or imply particular claim constructions or the precise scope of the claims. Amcor's claim construction contentions regarding the meaning and scope of the claim terms will be provided under the Court's scheduling order and local rules.

**RESPONSE:** Paragraph 77 does not assert any allegations to which a response is required. To the extent a response is required, Graham denies the allegations in Paragraph 77.

78.     Upon information and belief, Graham has offered for sale and/or sold the Accused

Products knowing they are specifically made or adapted for use in infringing the '357 patent, with knowledge of the '357 patent and that there is no substantial non-infringing use.

**RESPONSE:** Denied.

79.     Graham will continue to infringe the '357 patent unless and until it is enjoined by this Court. Graham, by way of its infringing activities, has caused and continues to cause Amcor to suffer damages in an amount to be determined, and has caused and is causing Amcor irreparable harm. Amcor has no adequate remedy at law against Graham's acts of infringement and, unless Graham is enjoined from its infringement of the '357 patent, Amcor will continue to suffer irreparable harm.

**RESPONSE:** Denied.

80.     Graham had knowledge of and was aware of the '357 patent during development of the Accused Products, and therefore prior to any offer for sale or sale of the Accused Products. Thereafter, Graham deliberately or intentionally infringed the '357 patent and is thus liable for willful infringement.

**RESPONSE:**  Graham had knowledge of the '357 patent at least as early as April 2022. The phrase "during development of the Accused Products" is vague and ambiguous and therefore Graham denies this allegation.  The term "offer to sell or sale of the Accused Products" states a legal conclusion to which no response is required.  Graham denies the remaining allegations of Paragraph 80.

81.     Upon information and belief, Graham has been and/or is inducing infringement of the '357 patent by its customers, by actively and knowingly inducing its customers to make, use, sell, offer for sale, or import the Accused Products that embody or use the invention claimed in the '357 patent, in violation of 35 U.S.C. § 271(b). Graham had knowledge of the '357 patent

during development of the Accused Products and thus knew that the use, sale, offer for sale, or import of the Accused Products by its customers constituted infringement of the '357 patent. Nevertheless, Graham has been and/or is actively and knowingly inducing its customers to make, use, sell, offer for sale, and/or import the Accused Products in a filled capacity. *See* https://www.grahampackaging.com/solutions/lightweighting/active-base/.

      **RESPONSE:** Denied.

      82.    Upon information and belief, Graham has been and/or is contributing to the infringement of the '357 patent by its customers, by selling or offering to sell the Accused Products, knowing them to be especially made or especially adapted for practicing the invention of the '357 patent and not a staple article or commodity of commerce suitable for substantial non-infringing use, in violation of 35 U. S.C. § 271(c). Graham had knowledge of the '357 patent during development of the Accused Products and thus knew that the sale or offer for sale of the Accused Products by its customers constituted infringement of the '357 patent.

      **RESPONSE:** Denied.

      83.    Amcor is entitled to recover from Graham damages at least in an amount adequate to compensate for its infringement of the '357 patent, in addition to enhanced damages under 35 U.S.C. § 284 for Graham's willful infringement, which amount has yet to be determined, together with interest and costs fixed by the Court.

      **RESPONSE:** Denied.

## COUNT IV — [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 11,091,289

      84.    The allegations of each of the foregoing Paragraphs 1-83 are incorporated by reference as though fully set forth herein.

      **RESPONSE:** Graham incorporates by reference its responses to Paragraphs 1-83.

85.    The '289 patent is presumed valid and enforceable.

**RESPONSE:**  Paragraph 85 states a legal conclusion to which no response is required.  To the extent a response is required, Graham denies that the '289 patent is valid and enforceable.

86.    Upon information and belief, Graham has made, used, offered for sale, sold and/or imported products, including within this District, including at least the Accused Products, that directly and indirectly infringe, either literally or under the doctrine of equivalents, one or more claims of the '289 patent in violation of 35 U.S.C. § 271(a), (b) and (c), including claim 1.

**RESPONSE:**  Denied.

87.    Attached hereto as **Exhibit I,** and incorporated herein by reference, is a representative claim chart detailing how the Accused Products infringe the '289 patent.

**RESPONSE:**  Graham admits that Exhibit I purports to be a claim chart for the '289 patent. Graham denies that Exhibit I is representative and also denies that Exhibit I "detail[s] how the Accused Products infringe the '289 patent."  Graham further denies that the Accused Products infringe the '289 patent.

88.    The allegations provided herein and in **Exhibit I** are exemplary and without prejudice to Amcor's infringement contentions. In providing these allegations, Amcor does not convey or imply particular claim constructions or the precise scope of the claims. Amcor's claim construction contentions regarding the meaning and scope of the claim terms will be provided under the Court's scheduling order and local rules.

**RESPONSE:**  Paragraph 88 does not assert any allegations to which a response is required. To the extent a response is required, Graham denies the allegations in Paragraph 88.

89.    Upon information and belief, Graham has offered for sale and/or sold the Accused Products knowing they are specifically made or adapted for use in infringing the '289 patent, with

knowledge of the '289 patent and that there is no substantial non-infringing use.

**RESPONSE:** Denied.

90.    Graham will continue to infringe the '289 patent unless and until it is enjoined by this Court. Graham, by way of its infringing activities, has caused and continues to cause Amcor to suffer damages in an amount to be determined, and has caused and is causing Amcor irreparable harm. Amcor has no adequate remedy at law against Graham's acts of infringement and, unless Graham is enjoined from its infringement of the '289 patent, Amcor will continue to suffer irreparable harm.

**RESPONSE:** Denied.

91.    Graham had knowledge of and was aware of the '289 patent during development of the Accused Products, and therefore prior to any offer for sale or sale of the Accused Products. Thereafter, Graham deliberately or intentionally infringed the '289 patent and is thus liable for willful infringement.

**RESPONSE:** Graham had knowledge of the '289 patent at least as early as February 2022. The phrase "during development of the Accused Products" is vague and ambiguous and therefore Graham denies this allegation. The term "offered for sale or sale of the Accused Products" states a legal conclusion to which no response is required. Graham denies the remaining allegations of Paragraph 91.

92.    Upon information and belief, Graham has been and/or is inducing infringement of the '289 patent by its customers, by actively and knowingly inducing its customers to make, use, sell, offer for sale, or import the Accused Products that embody or use the invention claimed in the '289 patent, in violation of 35 U.S.C. § 271(b). Graham had knowledge of the '289 patent during development of the Accused Products and thus knew that the use, sale, offer for sale, or

import of the Accused Products constituted infringement of the '289 patent. Nevertheless, Graham has been and/or is actively and knowingly inducing its customers to make, use, sell, offer for sale, and/or import the Accused Products in a filled capacity. *See* https://www.grahampackaging.com/solutions/lightweighting/active-base/.

**RESPONSE:** Denied.

93. Upon information and belief, Graham has been and/or is contributing to the infringement of the '289 patent by its customers, by selling or offering to sell the Accused Products to its customers, knowing them to be especially made or especially adapted for practicing the invention of the '289 patent and not a staple article or commodity of commerce suitable for substantial non-infringing use, in violation of 35 U.S.C. § 271(c). Graham had knowledge of the '289 patent during development of the Accused Products and thus knew that the sale or offer for sale of the Accused Products by its customers constituted infringement of the '289 patent.

**RESPONSE:** Denied.

94. Amcor is entitled to recover from Graham damages at least in an amount adequate to compensate for its infringement of the '289 patent, in addition to enhanced damages under 35 U.S.C. § 284 for Graham's willful infringement, which amount has yet to be determined, together with interest and costs fixed by the Court.

**RESPONSE:** Denied.

## <u>JURY DEMAND</u>

Amcor's jury demand does not assert any allegations to which a response is required.

## [PLAINTIFF'S] REQUEST FOR RELIEF

Graham denies that Amcor is entitled to any of the relief in Paragraphs A through L of Amcor's Request for Relief section.  Any allegation in the Complaint not specifically admitted in the preceding Paragraphs of this Answer is hereby denied.

## ADDITIONAL AND AFFIRMATIVE DEFENSES

Graham incorporates by reference the admissions, allegations, and denials contained in its Answer as if fully set forth herein.  Without assuming any burden that it would not otherwise bear and without reducing Plaintiff's burden on any of the claims in the Complaint, including but not limited to its infringement claims, Graham states the following additional and affirmative defenses to the claims in the Complaint.  Graham reserves the right to amend these affirmative defenses and to add additional defenses, including by adding any defenses revealed during discovery.

### First Defense
### (Failure to State a Claim)

The Complaint and each count thereof fails to state a claim or cause of action upon which relief can be granted.

### Second Defense
### (Non-Infringement of the Asserted Patents)

There has been no infringement of any valid and enforceable claim of any of the Asserted Patents literally, under the doctrine of equivalents, directly, indirectly, contributorily, by way of inducement, and/or any other mechanism of liability under the Patent Act.  Additionally, the claim charts attached to the Complaint fail to identify how each of the Accused Products allegedly practice the claims of the Asserted Patents.

### Third Defense
### (Invalidity of the Asserted Patents)

The claims of the Asserted Patents are invalid and/or unenforceable for failure to comply

with one or more conditions of patentability set forth in Part II of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and 112.

### Fourth Defense
**(Equitable Doctrines and Prosecution Estoppel)**

Plaintiff's claims are barred, in whole or in part, under principles of equity, including, without limitation, the doctrines of estoppel, laches, prosecution laches, waiver, implied waiver, acquiescence, prosecution estoppel, misconduct, patent misuse, unclean hands, unfair competition, and/or other applicable equitable doctrines.

### Fifth Defense
**(Limitations of Damages)**

Plaintiff's claims for damages are barred, in whole or in part, by, without limitation, 35 U.S.C. §§ 286, 287, and/or 288, and Plaintiff is not entitled to any compensation pursuant to 28 U.S.C. § 1498(a).  Additionally, Plaintiff cannot show that this is an exceptional case and is therefore not entitled to its attorneys' fees or costs, or enhanced damages.  Further, Plaintiff has failed to adequately plead that it has complied with the patent marking requirements of 35 U.S.C. § 287 and therefore its damages, if any, are statutorily limited.

### Sixth Defense
**(Statute of Limitations)**

Plaintiff's claims are barred by the applicable statute of limitations under 28 U.S.C. §§ 2401 and 2501.

### Seventh Defense
**(No Willfulness)**

Defendants have not infringed, or willfully infringed, any claim of the Asserted Patents.

## **RESERVATION OF RIGHTS**

Graham reserves any and all rights to amend its answer, to amend the currently pled defenses, and/or add additional defenses as they become apparent through discovery in this case.

## **DEFENDANTS' COUNTERCLAIMS**

### **Parties and Jurisdiction/Venue**

1.      Defendant and Counterclaim-Plaintiff Graham Packaging Company Inc. is a corporation organized and existing under the laws of the state of Delaware, having a principal place of business at 700 Indian Springs Drive, Suite 100, Lancaster, Pennsylvania 17601.

2.      Defendant and Counterclaim-Plaintiff Graham Packaging Company, L.P. is a limited partnership organized and existing under the laws of the state of Delaware, having a principal place of business at 700 Indian Springs Drive, Suite 100, Lancaster, Pennsylvania 17601.

3.      On information and belief, Plaintiff and Counterclaim-Defendant Amcor Rigid Packaging USA, LLC is a limited liability company organized and existing under the laws of the state of Delaware, having a principal place of business at 935 Technology Drive, Ann Arbor, Michigan 48108.

4.      Graham's counterclaims arise under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*, for declaratory judgment pursuant to 28 U.S.C. §§ 2201-2202 that the Asserted Patents (U.S. Patent No. 8,496,130 ("the '130 patent"), U.S. Patent No. 9,694,930 ("the '930 patent"), U.S. Patent No. 10,538,357 ("the '357 patent"), and U.S. Patent No. 11,091,289 ("the '289 patent") (collectively, the "Asserted Patents")) have not been infringed and are not being infringed by Graham, and that the Asserted Patents are invalid and/or unenforceable.  This Court has jurisdiction under 28 U.S.C. §§ 1331, 1338(a) and 2201.

5.      Amcor filed its Complaint in this matter in this Court availing itself to personal jurisdiction before this Court for Graham's counterclaims.  Graham incorporates by reference the factual allegations in Amcor's Complaint and Graham's responses thereto.

6.      Venue for Graham's counterclaims is proper in this Court pursuant to 28 U.S.C.  § 1391 as Amcor filed its claims against Graham in this District.

## Count I: Noninfringement of U.S. Patent No. 8,496,130

7.      Graham incorporates by reference the allegations in Paragraphs 1-6 of its Counterclaims, as well as Graham's responses to Paragraphs 1-94 of Amcor's Complaint.

8.      The making, use, importation, offer for sale, and/or sale of Graham's Accused Products (Graham's Welch's 10oz bottle, Ocean Spray 10oz bottle, and 7-Eleven 28oz bottle (collectively, "Accused Products") do not directly or indirectly infringe any valid claim of the '130 patent, either literally or under the doctrine of equivalents.  The claim charts submitted with Amcor's Complaint fail to show how any of the Accused Products disclose each limitation of any claim of the Asserted Patents.

9.      For example, the Accused Products do not embody, at least, the following limitations of the claims of the '130 patent: "at least one of the horizontal ribs defining an acute angle that is variable according to vacuum forces," "inner curved wall being curved along an innermost radius," "the horizontal ribs transitioning to the upper land along an upper outer radius," "an upper wall," and "a lower wall."   Graham reserves its right to identify additional noninfringement positions as this case continues.

10.     Graham is entitled to a judgment declaring that the making, use, importation, offer for sale, and/or sale of the Accused Products do not infringe any claim of the '130 patent.

## Count II: Invalidity of U.S. Patent No. 8,496,130

11.     Graham incorporates by reference the allegations in Paragraphs 1-10 of its Counterclaims, as well as Graham's responses to Paragraphs 1-94 of Amcor's Complaint.

12.     The claims of the '130 patent are invalid for failure to meet one or more of the conditions of patentability of inventions set forth in Title 35 of the United States Code, including but not limited to, 35 U.S.C. §§ 101, 102, 103, 112, and/or 120.

13.     For example, the claims of the '130 patent are invalid under 35 U.S.C. §§ 102 and/or 103, at least in view of WO 2007/006880 to Boukobza, alone or in combination with other prior art; U.S. Patent No. 6,230,912 to Rashid, alone or in combination with other prior art.

14.     Additionally, the claims of the '130 patent are invalid under 35 U.S.C. § 112 for lack of written description, lack of enablement, and/or containing indefinite claim language.

15.     Graham is entitled to judgment declaring that the claims of the '130 patent are invalid.

## Count III: Noninfringement of U.S. Patent No. 9,694,930

16.     Graham incorporates by reference the allegations in Paragraphs 1-15 of its Counterclaims, as well as Graham's responses to Paragraphs 1-94 of Amcor's Complaint.

17.     The making, use, importation, offer for sale, and/or sale of Graham's Accused Products do not directly or indirectly infringe any valid claim of the '930 patent, either literally or under the doctrine of equivalents. The claim charts submitted with Amcor's Complaint fail to show how any of the Accused Products disclose each limitation of any claim of the Asserted Patents.

18.     For example, the Accused Products do not embody, at least, the following limitations of the claims of the '930 patent: "the plurality of ribs and the base portion are

configured to place the container in a state of hydraulic charge-up when top load is applied to the container" (and any similar "charge-up" language in other claims), "a standing base radius defined by the base portion decreases when the container is subject to volume displacement," and "an inward foot radius defined by the base portion increases when the container is subject to volume displacement causing increased volume."   Graham reserves its right to identify additional noninfringement positions as this case continues.

19.     Graham is entitled to a judgment declaring that the making, use, importation, offer for sale, and/or sale of the Accused Products do not infringe any claim of the '930 patent.

**Count IV: Invalidity of U.S. Patent No. 9,694,930**

20.     Graham incorporates by reference the allegations in Paragraphs 1-19 of its Counterclaims, as well as Graham's responses to Paragraphs 1-94 of Amcor's Complaint.

21.     The claims of the '930 patent are invalid for failure to meet one or more of the conditions of patentability of inventions set forth in Title 35 of the United States Code, including but not limited to, 35 U.S.C. §§ 101, 102, 103, 112, and/or 120.

22.     For example, the claims of the '930 patent are invalid under 35 U.S.C. §§ 102 and/or 103, at least in view of prior related publications such as U.S. Publication 2014/0360972, PCT/US2013/057709, PCT/US2012/053367, WO 2014/036516, alone or in combination with other prior art; U.S. Patent No. 7,051,889 to Boukobza, alone or in combination with other prior art; and/or U.S. Publication 2011/0011873 to Miura, alone or in combination with other prior art.

23.     Additionally, the claims of the '930 patent are invalid under 35 U.S.C. § 112 for lack of written description, lack of enablement, and/or containing indefinite claim language.

24.     Graham is entitled to judgment declaring that the claims of the '930 patent are invalid.

## Count V: Noninfringement of U.S. Patent No. 10,538,357

25.    Graham incorporates by reference the allegations in Paragraphs 1-24 of its Counterclaims, as well as Graham's responses to Paragraphs 1-94 of Amcor's Complaint.

26.    The making, use, importation, offer for sale, and/or sale of Graham's Accused Products do not directly or indirectly infringe any valid claim of the '357 patent, either literally or under the doctrine of equivalents.  The claim charts submitted with Amcor's Complaint fail to show how any of the Accused Products disclose each limitation of any claim of the Asserted Patents.

27.    For example, the Accused Products do not embody, at least, the following limitations of the claims of the '357 patent: "the plurality of ribs and the base portion are configured to cause the container to cross over from a vacuum phase to a phase of hydraulic charge-up when top load is applied to the container after the container is filled and closed with a closure coupled to the finish" (and any similar "charge-up" language in other claims),  "a standing base radius defined by the base portion as-blown decreases when the container is subject to volume displacement," and "an inward foot radius defined by the base portion as-blown increases when the container is subject to volume displacement causing increased volume."  Graham reserves its right to identify additional noninfringement positions as this case continues.

28.    Graham is entitled to a judgment declaring that the making, use, importation, offer for sale, and/or sale of the Accused Products do not infringe any claim of the '357 patent.

## Count VI: Invalidity of U.S. Patent No. 10,538,357

29.    Graham incorporates by reference the allegations in Paragraphs 1-28 of its Counterclaims, as well as Graham's responses to Paragraphs 1-94 of Amcor's Complaint.

30.    The claims of the '357 patent are invalid for failure to meet one or more of the conditions of patentability of inventions set forth in Title 35 of the United States Code, including but not limited to, 35 U.S.C. §§ 101, 102, 103, 112, and/or 120.

31.    For example, the claims of the '357 patent are invalid under 35 U.S.C. §§ 102 and/or 103, at least in view of prior related publications such as U.S. Publication 2014/0360972, PCT/US2013/057709, PCT/US2012/053367, WO 2014/036516, alone or in combination with other prior art; U.S. Patent No. 7,051,889 to Boukobza, alone or in combination with other prior art; and/or U.S. Publication 2011/0011873 to Miura, alone or in combination with other prior art.

32.    Additionally, the claims of the '357 patent are invalid under 35 U.S.C. § 112 for lack of written description, lack of enablement, and/or containing indefinite claim language.

33.    Graham is entitled to judgment declaring that the claims of the '357 patent are invalid.

### Count VII: Noninfringement of U.S. Patent No. 11,091,289

34.    Graham incorporates by reference the allegations in Paragraphs 1-33 of its Counterclaims, as well as Graham's responses to Paragraphs 1-94 of Amcor's Complaint.

35.    The making, use, importation, offer for sale, and/or sale of Graham's Accused Products do not directly or indirectly infringe any valid claim of the '289 patent, either literally or under the doctrine of equivalents.  The claim charts submitted with Amcor's Complaint fail to show how any of the Accused Products disclose each limitation of any claim of the Asserted Patents.

36.    For example, the Accused Products do not embody, at least, the following limitations of the claims of the '289 patent: "the plurality of ribs and the base portion are configured to cause the container to cross over from a vacuum phase to a phase of hydraulic

charge-up when top load is applied to the container after the container is filled and closed with a closure coupled to the finish" (and any similar "charge-up" language in other claims), "a standing base radius defined by the base portion as-blown decreases when the container is subject to volume displacement," and "an inward foot radius defined by the base portion as-blown increases when the container is subject to volume displacement causing increased volume." Graham reserves its right to identify additional noninfringement positions as this case continues.

37.     Graham is entitled to a judgment declaring that the making, use, importation, offer for sale, and/or sale of the Accused Products do not infringe any claim of the '289 patent.

### Count VIII: Invalidity of U.S. Patent No. 11,091,289

38.     Graham incorporates by reference the allegations in Paragraphs 1-37 of its Counterclaims, as well as Graham's responses to Paragraphs 1-94 of Amcor's Complaint.

39.     The claims of the '289 patent are invalid for failure to meet one or more of the conditions of patentability of inventions set forth in Title 35 of the United States Code, including but not limited to, 35 U.S.C. §§ 101, 102, 103, 112, and/or 120.

40.     For example, the claims of the '289 patent are invalid under 35 U.S.C. §§ 102 and/or 103, at least in view of prior related publications such as U.S. Publication 2014/0360972, PCT/US2013/057709, PCT/US2012/053367, WO 2014/036516, alone or in combination with other prior art; U.S. Patent No. 7,051,889 to Boukobza, alone or in combination with other prior art; and/or U.S. Publication 2011/0011873 to Miura, alone or in combination with other prior art.

41.     Additionally, the claims of the '289 patent are invalid under 35 U.S.C. § 112 for lack of written description, lack of enablement, and/or containing indefinite claim language.

42.     Graham is entitled to judgment declaring that the claims of the '289 patent are invalid.

## Jury Demand

Graham demands a jury trial as to all issues so triable.

## Prayer For Relief

WHEREFORE, Graham respectfully requests that the Court enter judgment against

Amcor as follows:

A.    Dismissing the Complaint with prejudice;

B.    Denying all remedies and relief that Plaintiff seeks in its Complaint;

C.    Finding no infringement of any valid and enforceable claim of the Asserted

    Patents, either directly or indirectly, and either literally or under the doctrine of

    equivalents;

D.    Finding that the claims of the Asserted Patents are invalid and/or unenforceable;

E.    Finding this case exceptional on behalf of Graham under 35 U.S.C. § 285;

F.    Awarding Graham its reasonable attorneys' fees, costs, and expenses in

    connection with this action to the extent permitted by law; and

G.    Awarding such other and further relief to Graham as the Court may deem just and

    proper under the circumstances.

Dated: January 27, 2025               Respectfully Submitted,

ARMSTRONG TEASDALE LLP

*/s/ Jonathan Stemerman*
Jonathan Stemerman (DE No. 4510)
1007 North Market Street, 3rd Floor
Wilmington, Delaware 19801
Telephone: 302-416-9670
jstemerman@atllp.com

Richard L. Brophy (*admitted pro hac vice*)
Marc W. Vander Tuig (*admitted pro hac vice*)
Kyle G. Gottuso (*admitted pro hac vice*)
Sydney K. Johnson (*admitted pro hac vice*)
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105
Telephone: 314-621-5070
rbrophy@atllp.com
mvandertuig@atllp.com
kgottuso@atllp.com
skjohnson@atllp.com

Alyssa Ruderman (*admitted pro hac vice*)
Emma A. Coppola (*admitted pro hac vice*)
7 Times Square, 44th Floor
New York, NY 10036
Telephone: 212-209-10036
aruderman@atllp.com
ecoppola@atllp.com

*Attorneys for Defendants*
*GRAHAM PACKAGING COMPANY INC. and*
*GRAHAM PACKAGING COMPANY, L.P.*