**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| AMCOR RIGID PACKAGING USA, LLC,<br><br>Plaintiff,<br><br>v.<br><br>GRAHAM PACKAGING COMPANY INC. and GRAHAM PACKAGING COMPANY, L.P.,<br><br>Defendants. | ) | Case Action No. 1:24-cv-00790-MN |

**DEFENDANTS' OPENING DISCOVERY DISPUTE LETTER**
**<u>TO THE HONORABLE ELEANOR G. TENNYSON</u>**


ARMSTRONG TEASDALE LLP
*<u>/s/Jonathan M. Stemerman</u>*
Jonathan M. Stemerman (DE No. 4510)
1007 North Market Street, 3rd Floor
Wilmington, Delaware 19801
Telephone: 302-416-9670
jstemerman@atllp.com

*Attorneys for Defendants*
*GRAHAM PACKAGING COMPANY INC.*
*and*
*GRAHAM PACKAGING COMPANY, L.P.*

*Of Counsel:*

Richard L. Brophy (*admitted pro hac vice*)
Marc W. Vander Tuig (*admitted pro hac vice*)
Kyle G. Gottuso (*admitted pro hac vice*)
Sydney K. Johnson (*admitted pro hac vice*)
Mark A. Thomas (*admitted pro hac vice*)
7700 Forsyth Blvd. Suite 1800
St. Louis, Missouri 63105
Telephone: 314-621-5070
rbrophy@atllp.com
mvandertuig@atllp.com
kgottuso@atllp.com
skjohnson@atllp.com
mathomas@atllp.com

Alyssa H. Ruderman (*admitted pro hac vice*)
Emma A. Coppola (*admitted pro hac vice*)
Stephanie M. Piper (*admitted pro hac vice*)
400 Park Ave., 12th Floor
New York, NY 10022
Telephone: 212-209-4400
aruderman@atllp.com
ecoppola@atllp.com
smpiper@atllp.com

Dear Judge Tennyson:

Defendants (collectively "Graham") respectfully submit this discovery dispute letter brief pursuant to the Court's Oral Order on November 21, 2025 (D.I. 127).

Plaintiff ("Amcor") currently accuses Graham of infringing US Patent Nos. 8,496,130 (the '130 Patent); 9,694,930 (the '930 Patent); and 10,538,357 (the '357 Patent). The patents are directed to technology for "hot-filled" plastic containers, such as PET bottles for juice and sports drinks. The '930 and '357 Patents are directly related; the '130 Patent stands alone.

***Issue 1: Amcor should be required to identify the specific disclosures that support Amcor's priority claims for the asserted patents.***

Graham's Interrogatory 7 seeks the factual bases supporting Amcor's contention regarding the priority date for each asserted claim, including the specific disclosure in the priority document that Amcor contends discloses each claim limitation. *See* Ex. A. In short, Graham seeks Amcor's complete contention regarding priority of the patent claims.

In response, Amcor simply identifies the priority documents it relies on to support its priority date assertion, but Amcor refuses to identify with specificity the particular disclosures in the priority documents that it contends support each limitation of each asserted claim. *See* Exs. A, B.[1] Amcor has no proper basis to conceal its contentions on these issues.

*a. The Continuation-in-Part patents ('930 and '357 Patents)*

The '357 Patent is a continuation-in-part of the '930 Patent, which itself is a continuation-in-part of another (non-asserted) patent. Both patents are part of a line that originated with a provisional application filed on April 31, 2011 (the '285 Provisional). Amcor contends that the claims of the '357 and '930 Patents are entitled to the '285 Provisional's priority date. *See id.* Amcor provides two "fall-back" positions—if the patents are not entitled to the '285 Provisional's date, then they are entitled to the priority date of another, PCT application. *See id.* And if they are not entitled to that date, they are entitled to the filing date of the '930 Patent. *Id.*

Graham contests Amcor's assertions regarding the '357 and '930 Patents' entitlement to these priority dates. Moreover, Graham's invalidity contentions show that the '930 and '357 Patents are invalid under 35 U.S.C. §§ 102 and 103. The asserted prior art includes references dated <u>after</u> the earliest priority date claimed by Amcor, but <u>before</u> the earliest priority date claimed by Graham. In other words, if Amcor's priority date is correct, then certain references will not qualify as prior art. If Graham is correct, then the references are prior art.

Thus, there are concrete disputes about the patents' entitlement to the priority dates of earlier applications. Accordingly, <u>Amcor has the burden</u> of production to show that the patents are entitled to the benefit of the earlier application(s), including that the written description in the

[1] Exhibit B contains the relevant excerpts from Amcor's Validity Contentions that Amcor incorporates into its response to Interrogatory 7.

earlier application(s) supports the asserted claims. *See Janssen Pharms., Inc. v. Tolmar, Inc.*, 718 F. Supp. 3d 394, 415 (D. Del. 2024) (citing *PowerOasis, Inc. v. T-Mobile USA, Inc.*, 522 F.3d 1299, 1303–06 (Fed. Cir. 2008) ("[W]hen a dispute arises concerning whether a CIP patent is entitled to priority to the date of the original application and the Patent Office has not addressed the issue, the burden of proof should ordinarily rest with the party claiming priority to the date of the original application.")).

*b. The '130 Patent*

Amcor claims that the '130 Patent is entitled to the priority date of provisional application 61/127,621. *See id.* Graham asserts that the '130 Patent is invalid under 35 U.S.C. § 112 as lacking written description support for the claims, based at least on the fact that Amcor improperly added new matter to the application during prosecution of the patent. Graham also contends that, if the new matter is allowed to be added, this changes the priority date for the '130 Patent and exposes it to a host of intervening prior art, including products sold by both Graham and Amcor.

Thus, the issue of written description and priority for the '130 Patent is materially relevant to the dispute. As with the continuations-in-part, Amcor will identify a priority date, but Amcor refuses to identify the specific disclosures in the priority document that satisfy the standards of § 112. Amcor must have a factual basis for asserting that the '130 Patent properly claims priority to the provisional application. Amcor has no proper basis for withholding that factual basis from Graham. *See Pinn, Inc. v. Apple, Inc.*, No. 819CV01805DOCJDEX, 2020 WL 4258813, at *3 (C.D. Cal. June 20, 2020) ("In alleging the Asserted Patents claim priority based in part on the '978 Provisional Application [], Pinn had to have had a factual basis.") (requiring plaintiff to respond to an interrogatory like the one at issue here).

Graham's Interrogatory 7 seeks the specific bases for Amcor's contention that the patents are entitled to the earlier priority date. This requires Amcor to identify the specific parts of the priority application(s) that provide the written description support for each limitation of each asserted claim. Amcor should be required to provide this materially relevant discovery to Graham without further delay. *Cf. Blast Motion, Inc. v. Zepp Labs, Inc.*, No. 315-cv-00700, 2016 WL 5107677, at *2 (S.D. Cal. Mar. 2, 2016) ("While [Defendant] may first need to come forward with invalidating art, and even though [Plaintiff] can show the prior art either does not invalidate the patent or that it is not prior art because the claim is entitled to an earlier priority date, this does not affect [Defendant's] right to discover this information.").

***Issue 2: Amcor should be required to respond to the full scope of Graham's RFPs seeking information about "Plastic Containers."***

The asserted patents are directed to container features that resist internal and external forces, such as those sustained during manufacture, filling, and storage of the containers. The '130 Patent claims containers with supporting "ribs" in the sidewalls that, according to Amcor, are "designed to achieve optimal performance with regard to vacuum absorption, top load strength capabilities, and dent resistance." *See* D.I. 1 (Complaint) ¶ 16. The '357 and '930 Patents claim containers with specific "ribs" and "base portions" that resist deformation from top-load forces. *See id.* ¶¶ 21, 26.

Amcor claims that the patented features in the sidewalls and bases of its bottles add value to the bottles, and that Graham copied these features to gain the purported benefits of bottle stability. Naturally, Graham seeks discovery into other plastic containers that Amcor has produced in the past—i.e., prior art containers. Information about these containers is squarely relevant to issues like the state of the prior art, the obviousness of the asserted claims, the existence of acceptable non-infringing alternatives, and the nexus between the patented features and demand for the products.

Graham's RFPs 42-45 seek information about the Amcor containers. Graham provided a very narrow definition of "Plastic Containers" to restrict the scope of the RFPs to containers with sidewall and/or base features designed to perform stabilizing functions like those emphasized in the patents and in Amcor's Complaint (*See* Ex. C):

*"Plastic Containers" means plastic bottles (or other containers for food and/or beverage products) used for hot fill applications, including but not limited to bottles comprised of polyethylene terephthalate, high-density polyethylene, low-density polyethylene, polypropylene, and/or polycarbonate. This definition is limited to products having sidewall features (such as ribs or panels) and/or bases designed to resist fill pressures, accommodate vacuum pressures, and/or assist the container in withstanding top load forces. This definition is not limited to the Covered Products.*

Amcor refuses to produce information based on Graham's definition, insisting that it "encompasses hundreds of containers." *See* Ex. D. Over months of back-and-forth, Graham agreed to narrow the definition even further, but Amcor still insists on arbitrary restrictions that will omit relevant products.

Attached as Exhibit E is a table comparing the proposed "Plastic Container" definitions, including the definition that Graham proposes to resolve this dispute. As can be seen, the dispute centers on (i) whether the definition should be restricted only to "ribs," and (ii) whether the definition should be restricted to features designed to perform all of the stabilizing functions. Amcor's restrictions are overly narrow. Sidewall features other than ribs are relevant to the obviousness and importance of the claimed ribs. The same is true of features that perform any of the three stabilizing functions, even if they do not perform all three functions.

Amcor's objection is arbitrary and unsubstantiated. Graham's Requests seek relevant information, and Amcor provides no proper basis for omitting relevant products from the scope of the Request.

***Issue 3: Amcor should be required to produce third-party documents and supplement its response to Interrogatory 7.***

It is Graham's understanding that Amcor is currently withholding relevant and responsive documents, at least related to third-party Pepsi, based on alleged third-party confidentiality concerns. The Protective Order (D.I. 28) will adequately protect the interests of any third parties should the Court compel the production and supplementation of this information.

Respectfully,

<u>/s/ *Jonathan M. Stemerman*</u>

Jonathan M. Stemerman (# 4510)

JMS/
Attachments

Cc: Filed via ECF
Clerk of the Court (via hand delivery; w/attachments)