# EXHIBIT B

## Excerpts of Amcor's Validity Contentions

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **AMCOR RIGID PACKAGING USA, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**GRAHAM PACKAGING COMPANY INC. and GRAHAM PACKAGING COMPANY, L.P.,**<br><br>Defendants. | C.A. No. 24-790-MN |

**PLAINTIFF AMCOR RIGID PACKAGING**
**USA, LLC'S INITIAL VALIDITY CONTENTIONS**

Plaintiff Amcor Rigid Packaging USA, LLC ("Amcor") hereby serves its Initial Validity Contentions pursuant to the Court's Scheduling Order (D.I. 25) (hereafter, "Validity Contentions), responding to Defendants Graham Packaging Company, Inc.'s and Graham Packaging Company, L.P.'s (collectively "Defendants" or "Graham") Initial Invalidity Contentions, dated April 24, 2025 ("Invalidity Contentions"), which address the validity of the Asserted Claims of Amcor's U.S. Patent Nos. 8,496,130 ("'130 Patent"), 9,694,930 ("'930 Patent"), 10,538,357 ("'357 Patent"), and 11,091,289 ("'289 Patent") (collectively, the "Asserted Patents").

## I. PRELIMINARY STATEMENT AND RESERVATION OF RIGHTS

These Validity Contentions are directed to issues of validity and do not address infringement or other allegations or contentions not contained in Graham's Invalidity Contentions. These Validity Contentions are made solely for the purposes of this action and are made subject to all objections as to competence, relevance, materiality, propriety, and admissibility, and to any and all other objections on any grounds that would require the exclusion of statements contained

inward foot radius, and standing base radius, and described movement of these geometries under vacuum and top load.

Graham also cites Int'l Patent App. Pub. No. WO2014/036516, to inventor Lane *et al.* ("Lane2"), titled "Lightweight container base." Lane2 does not teach optimizing the base structure in the manner claimed by the '930 Patent, '357 Patent, and '298 Patent to enhance performance under both vacuum conditions and top-load pressures, while minimizing the amount of material used. Moreover, Lane2 fails to teach, among other things, a specially designed base portion that interacts with horizontal ribs on the container's sidewall to produce a hydraulic charge-up effect when the filled and capped container experiences top load. Lane2 also fails to teach the optimal geometries taught by the '930 Patent, '357 Patent, and '289 Patent, including by way of non-limiting example only, the claimed outward strap radius, inward foot radius, and standing base radius, and described movement of these geometries under vacuum and top load.

In short, none of Graham's references, either alone or in combination teach the innovations claimed in the Asserted Patents.

## III. PRIORITY DATES OF THE ASSERTED PATENTS

### A. '130 Patent

The Asserted Claims of the '130 Patent are entitled to a priority date of no later than May 14, 2008, based on the filing date of the Provisional Application No. 61/127,621.

Graham contends that Amcor attempted to add new matter as part of the '130 Patent disclosure in an Applicant Response after Final Action dated December 19, 2011. As a result, Graham contends that the '130 Patent lacks written description support, or the '130 Patent is to be given an unspecified later priority date. Amcor disputes that new matter was added by way of the December 19, 2011 Response, and accordingly disputes that the '130 Patent lacks written

description support or is to be given a later priority date. Amcor also incorporates by reference the letter sent by Jeanne M. Gills to Richard Brophy, dated March 25, 2025 (attached as Ex. 1), as if fully set forth herein, which discusses measurement of the "acute angle" limitation in the asserted claims of the '130 Patent.

**B. '930 Patent, '357 Patent, and '289 Patent**

The Asserted Claims of the '930 Patent, '357 Patent, and '289 Patent are entitled to a priority date of no later than August 31, 2011, based on the filing date of U.S. Provisional App. No. 61/529,285.

If not entitled to August 31, 2011, the Asserted Claims of the '930 Patent, '357 Patent, and '289 Patent are entitled to a priority date of no later than August 30, 2013, based on the filing date of Int'l Patent App. Pub. No. PCT/US2013/057708. Initially, Graham contends that there is a typographical error in the priority claim (the '930 Patent and '357 Patent identifying Int'l Patent App. Pub. No. PCT/US2013/05770<u>9</u>). This is a scrivener error and capable of judicial correction. *See Novo Indus., L.P. v. Micro Molds Corp.*, 350 F.3d 1348, 1354 (Fed. Cir. 2003); *Ultimax Cement Mfg. Corp. v. CTS Cement Mfg. Corp.*, 587 F.3d 1339, 1352–53 (Fed. Cir. 2009). Graham also appears to contend that Int'l Patent App. Pub. No. PCT/US2013/057708 lacks written description support for the following limitations: "(1) 'the plurality of ribs and the base portion are configured to place the container in a state of hydraulic charge up when top load is applied to the container after the container is filled and closed with a closure coupled to the finish;'; (2) 'an outward strap radius defined by the base portion decreases when the container is subject to volume displacement causing increased vacuum'; (3) 'a standing base radius defined by the base portion decreases when the container is subject to volume displacement causing increased vacuum'; and (4) claims 2, 13, 15, and 16" and (5) "a total projected area of the plurality of footed contact

surfaces as-blown is at least twice the size of a total projected area of the plurality of straps." Amcor identifies the following disclosure in Int'l Patent App. Pub. No. PCT/US2013/057708 as exemplary support for these limitations: [0078], [0096], [0097], [0099], [100], FIGS. 41, 42, 46, 48.[2]

If not entitled to August 30, 2013, the Asserted Claims of the '930 Patent, '357 Patent, and '289 Patent are entitled to a priority date of August 21, 2014, based on the filing date of the application for the '930 Patent. Graham also appears to contend that the '930 Patent lacks written description support for the following limitation in the '357 Patent and '289 Patent: "a total projected area of the plurality of footed contact surfaces as blown is at least twice the size of a total projected area of the plurality of straps." Amcor identifies the following disclosure in the '930 Patent as exemplary support for this limitation: FIGS. 41, 42.[3]

Amcor reserves the right to amend and supplement this contention, including in final validity contentions and expert discovery.

## IV. ALLEGED IDENTIFICATION OF PRIOR ART ITEMS

Graham purports to identify alleged prior art that "anticipates or renders obvious one or more of the Asserted Claims." However, many of the identified alleged prior art references do not have accompanying claim charts or other explanation purporting to identify the relevant teachings within the alleged prior art that render the Asserted Claims anticipated or obvious. For example, Graham lists approximately 160 different pieces of alleged prior art in its cover pleading, but

[2] To the extent these exemplary disclosures, or any other disclosure Amcor may rely on, fail to establish priority, Graham fails to meet its burden to show how WO2014/036516 discloses every limitation of any Asserted Claim of the '930 Patent, '357 Patent, or '289 Patent.

[3] To the extent these exemplary disclosures, or any other disclosure Amcor may rely on, fail to establish priority, Graham fails to meet its burden to show how US2014/0360972 discloses every limitation of any Asserted Claim of the'357 Patent or '289 Patent.