IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AMCOR RIGID PACKAGING USA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 24-790 (MN) |
| | ) | |
| GRAHAM PACKAGING CO. INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

At Wilmington, this 13th day of October 2026;

WHEREAS, on September 9, 2026, the Court issued its claim construction ruling (D.I. 358);

WHEREAS, in light of that ruling, the parties agree[1] that Defendant's Motion for Summary Judgment of No Liability (D.I. 260) should be granted as to invalidity of the '930 and '357 Patents based on indefiniteness of the "standing base radius" limitations;

WHEREAS, the parties additionally agree[2] that Defendant's Motion for Summary Judgment of No Liability (D.I. 260) as to noninfringement of the '130 Patent should be granted, and Plaintiff's Motion for Summary Judgment of Infringement of the '130 Patent (D.I. 246) denied, because the limitation "the at least one of the horizontal ribs defining the acute angle" is not met under the Court's construction of "acute angle;"

1 "The parties agree that the Court's indefiniteness ruling on the 'standing base radius' term of the '930 and '357 patents and the Court's claim construction of the 'acute angle' term of the '130 patent are dispositive as to Amcor's Counts I-IV." (D.I. 362 at 2).

2 "The parties agree that, when rib angle is measured this way – i.e., defined by the three points identified in the construction – the evidence of record in this case is that the angle of the accused ribs of the accused products is not acute." (D.I. 362 at 1).

WHEREAS, Count IV of the Complaint includes the ’289 patent, but Defendant’s substantive arguments and the parties’ stipulations only address the ’357, ’930, and ’130 patents (D.I. 261 at 1 n.1 (excluding the ’289 patent from the defined “Charge-Up Patents”); *see also* D.I. 263-1 at 10 (Ex. A at 1) (“Amcor reserves the right to reassert any of its dropped claims based on any Court rulings, including any rulings regarding claim 1 of the ’357 Patent.”); D.I. 362 at 2 (only stipulating to invalidity of the ’930 and ’357 patents));

WHEREAS, Defendant moves for an award of $150,000 in attorneys’ fees and costs arising from Plaintiff’s changes to its proposed claim constructions on the eve of the January 29, 2026 *Markman* hearing (D.I. 231);

WHEREAS, upon a finding of bad faith, the Court may exercise its inherent authority to award attorneys’ fees, *see Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991);

WHEREAS, Plaintiff materially revised its proposed constructions of the “upper wall” and “lower wall” terms to require “straight or substantially straight” walls, and of the upper and lower outer radius terms to require “uniform or substantially uniform” radii (D.I. 236 at 9-16);

WHEREAS, Plaintiff had previously opposed those constructions, arguing that adding “straight” to the constructions improperly narrowed the wall terms and that, as to the outer radius terms, the transition surface need not have a single uniform radius (D.I. 236 at 10, 12 (quoting D.I. 155 at 3-4, 21));

WHEREAS, Plaintiff also revised its standing base radius constructions to specify an outermost contact point measurement when empty and an innermost contact point measurement under increased vacuum (D.I. 236 at 14-16);

WHEREAS, at 6:51 p.m. on January 28, 2026, Plaintiff disclosed its revised constructions through email and the parties immediately met and conferred to discuss those revisions;

WHEREAS, following that conferral, Defendant asked Plaintiff at 8:03 p.m. whether it agreed to proposed constructions of the "upper wall" and "lower wall" terms, and separately asked whether Plaintiff had changed its position on any constructions previously submitted to the Court in the parties' Joint Claim Construction Chart (D.I. 236-1 at Ex. A);

WHEREAS, Plaintiff did not answer that inquiry, leaving unresolved both whether the parties had reached agreement on the wall terms and which revised constructions it would advocate (*id.*);

WHEREAS, Plaintiff nonetheless advanced multiple revised positions at the January 29 hearing (D.I. 236 at 5);

WHEREAS, the Court recessed the hearing so the parties could identify their current positions and remaining disputes, and ultimately continued the hearing to grant Defendant time to respond to Plaintiff's new constructions (*Id.* at 23:8-14, 40:13-22);

WHEREAS, the recent expert depositions may explain when Plaintiff altered its constructions, but do not explain its failure to answer Defendant's pre-hearing inquiry (D.I. 265 at 7-9);

WHEREAS, the Court finds that Plaintiff acted in bad faith by knowingly leaving its operative positions uncertain on the eve of the January 29, 2026 *Markman* hearing despite Defendant's direct inquiry;

WHEREAS, recovery is limited to expenses that would not have been incurred but for the misconduct, *see Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 103-104 (2017);

WHEREAS, Defendant's request for $150,000 does not adequately establish the compensable amount (D.I. 232 at 2-3);

THEREFORE, IT IS HEREBY ORDERED that:

1. Defendant's Motion for Summary Judgment of No Liability (D.I. 260) is GRANTED-IN-PART as to Counts II and III based on invalidity of the '930 and '357 Patents for indefiniteness of the "standing base radius" limitations.

2. Defendant's Motion for Summary Judgment of No Liability (D.I. 260) is GRANTED-IN-PART as to Count I based on noninfringement of the '130 Patent under the Court's construction of "acute angle."

3. Defendant's Motion for Summary Judgment of No Liability (D.I. 260) is DENIED-IN-PART WITHOUT PREJUDICE as to Count IV.

4. Plaintiff's Motion for Summary Judgment of Infringement of the '130 Patent (D.I. 246) is DENIED.

5. Defendant's declaratory judgment counterclaims (D.I. 46) concerning the '930, '357, and '130 patents are DISMISSED WITHOUT PREJUDICE. *See SSI Techs., LLC v. Dongguan Zhengyang Elec. Mech. LTD.*, 59 F.4th 1328, 1338-39 (Fed. Cir. 2023).

6. In light of the disposition of Counts I-III and the parties' representations in D.I. 360, the motions at D.I. 212, 218, 240, 245, 249, 252, and 254 are DENIED WITHOUT PREJUDICE to renewal to the extent they relate to Count IV.

7. Defendant's Motion for Attorneys' Fees and Costs (D.I. 231) is GRANTED-IN-PART as to entitlement to reasonable fees and costs that Defendant would not have incurred but for Plaintiff's counsel's failure to respond to its inquiry and DENIED-IN-PART WITHOUT PREJUDICE as to the requested $150,000 award.

8. Within (7) days of this Order, Defendant shall submit a revised fee request, limited to two pages, excluding costs and fees that would have been incurred regardless of Plaintiff's

misconduct, and Plaintiff may file a response, limited to two pages, within seven (7) days thereafter.

9. The Pretrial Conference presently scheduled to begin November 9, 2026 at 4:30 pm (D.I. 25) is cancelled.

10. The five-day jury trial presently scheduled to begin November 16, 2026 at 9:30 am (D.I. 25) is cancelled.

IT IS FURTHER ORDERED that, within seven (7) days of this Order, the parties shall file both a joint stipulation addressing the disposition of Count IV and Defendant's declaratory judgment counterclaim concerning the '289 Patent (D.I. 46), and a joint proposed final form of judgment.

Maryellen Noreika

The Honorable Maryellen Noreika
United States District Judge